WILLIAM RAINSBERGER, Appellee, v. JOHN W. LEVERTON, Appellant.

**Fences:** ORDER OF FENCE VIEWERS: VALIDITY. An order of township trustees as fence viewers, requiring one of two adjoining landowners to repair one-half of a partition fence, is not void because making no reference to the other half of the fence and containing no finding that the same is adequate.

Same:  COLLATERAL ATTACK. An order of fence viewers can not be collaterally attacked in an action to recover the value of repairs, because of a failure to comply with the order to repair a portion of the fence, except on the ground of total want of jurisdiction in the fence viewers to make the order.

*Appeal from Hardin District Court.*—HON. C. G. LEE, Judge.

FRIDAY, MARCH 15, 1912.

ACTION to recover the amount expended by plaintiff in building that part of a division fence assigned to defendant by the township trustees and the costs and expenses of the proceeding before the trustees. Directed verdict for plaintiff to the amount claimed, and defendant appeals.—*Affirmed.*

*J. H. Scales,* for appellant.

*Chas. L. Rogers* and *N. S. Carpenter,* for appellee.

DEEMER, J.—Plaintiff and defendant are owners of adjoining tracts of land, and the line between these two tracts is 162 rods long. In August of the year 1910 a meeting of the township trustees was held pursuant to plaintiff's application at which both parties were present. Upon such hearing, the board ordered the defendant to repair the west half of the fence between the two tracts within fifteen days, the same to be made of good and substantial posts and a lawful fence. Defendant failed to comply with the order, and thereupon plaintiff proceeded to repair and rebuild the fence according to the said order. After the completion thereof, the trustees examined the fence, adjudged it to be sufficient, caused the expenses, costs, and fees to be certified and made of record by the township clerk; the following being a rescript of the order:

Steamboat Rock, Hardin County, Iowa.
Dec. 8th, 1910.

Harry Greeves, Henry Gollhorn and John Eilers, trustees of Clay township, met at my office and fixed costs, fees, and expenses and value of rebuilding the fence between John Leverton and Wm. Raisberger as follows:

| | |
|---|---:|
| One hundred and three five-inch posts | $23 10 |
| Wm. Moore, labor | 30 50 |
| F. M. Williams, hauling | 4 00 |
| Harry Greeves, trustee | 8 00 |
| John Eilers, trustee | 8 00 |
| Henry Gollhorn, trustee | 8 00 |
| R. S. Wardell, township clerk | 2 25 |
| Total | $83 85 |

R. S. Wardell,
Township Clerk.

Harry Greeves,
H. Gollhorn,
John Eilers,
        Trustees.

Defendant was notified of the said order, but failed to pay any part of the allowance. This action is to recover the amount thereof, with penalty. At the conclusion of the testimony the trial court directed a verdict for plaintiff, and defendant appeals.

The proceedings before the trustees were authorized by section 2356 et seq., of the Code, and section 2357 thereof provides that:

If the erecting, rebuilding or repairing of such fence be not completed within thirty days from and after the time fixed therefor in such order the adjoining owner may do or complete the same, and the value thereof may be fixed by the fence viewers, and unless the sum so fixed, together with all fees of the fence viewers caused by such default, as taxed by them, is paid to the landowner so erecting, rebuilding, trimming or cutting back or repairing such fence, within ten days after the same is so ascertained; or when ordered to pay for an existing fence, and the value thereof

is fixed by the fence viewers, and said sum, together with the fees of the fence viewers, as taxed by them, remains unpaid by the party in default for ten days, the person entitled thereto may recover double said sum, together with the fees so taxed, in an action by ordinary proceedings.

These sections were each and all substantially complied with by plaintiff; and defendant did not appeal from any of the orders made and entered by the trustees as provided in section 2369 of the Code. But it is claimed in argument that the trustees were without jurisdiction, that the order and allowance made by them was for more of a fence than defendant could be compelled to construct, and because the old one was not upon the division line between the two tracts. There is nothing in the record to support either contention. There was no dispute before the trustees as to the division line, and the fence which was repaired was on the line of an old one which had existed for many years. Defendant at no time made any claim before the trustees that the fence was not upon the true line, and the testimony clearly shows that the line upon which the fence was built had become the true one by acquiescence and agreement. There is nothing in the record to show that plaintiff is asking for anything more than the costs and expenses of rebuilding or repairing that part of the fence assigned to the defendant.

Again, and finally, it is contended that the order of the township trustees is void because it made no reference to the condition of plaintiff's part of the fence, and contained no finding that his part of it was sufficient or adequate. It is true the record makes no recitations regarding these matters; but this was unnecessary. The plain import of the order is that plaintiff's portion of the partition fence was being properly maintained, for nothing was said therein regarding plaintiff's portion of the fence. It is true that plaintiff rebuilt or repaired more fence along the line than the trustees ordered the defendant to erect; but there is no testimony showing, or tending to show, that he is claiming

anything more than the expense of building that part of the fence which defendant was ordered to construct or repair.

As defendant did not appeal from the order of the trustees as he might have done, he can not raise any question on this appeal, save the jurisdiction of the trustees to make the order. No matter how erroneous the order may have been, it can not be questioned in this appeal, save as it appears that the trustees were without any authority to act or so far exceeded their authority as to make their action void. *Hoyt v. Brown,* 153 Iowa, 324.

Again, it is said that the proceedings of the trustees were not entered of record, but the testimony shows to the contrary.

The judgment seems to be right, and it is *affirmed.*