J. F. KINKAID, MARSHALL OF THE CITY OF LIVE OAK, FLORIDA, *Plaintiff in Error*, v. JOHN JACKSON, *Defendant in Error*.

Opinion Filed November 25, 1913.

1. The first eight amendments to the Federal constitution have reference only to powers exercised by the government of the United States, and not to those of the States.

2. Habeas Corpus cannot be used to take the place, or to serve the purpose, of a writ of error to determine whether a judgment is erroneous, when the court has jurisdiction of the

person and the conviction is of an offense under the law and within the jurisdiction of the court to try.

3. A person held in custody under sentence of a municipal court upon a conviction on a charge based on an ordinance alleged to be void, may test the validity of the ordinance in *habeas corpus* proceedings, and may be discharged from custody if the ordinance is void.

4. A municipal ordinance providing that any person convicted of fighting shall be fined in a sum not exceeding five hundred dollars or imprisoned in the city prison at hard labor on the streets or other public works of the city for a period not exceeding three months, or by both fine and imprisonment at the discretion of the Mayor, is not a violation of section eight of the declaration of rights in the State constitution which forbids the imposing of "excessive fines" or the infliction of "cruel and unusual punishment."

Writ of error to Circuit Court of Suwannee County; Mallory F. Horne, Judge.

Judgment reversed.

*A. Lee Humphreys,* for Plaintiff in error;

*Davis & Whitnell,* for Defendant in error.

SHACKLEFORD, C. J.—John Jackson was convicted of fighting in the Mayor's Court of the City of Live Oak and sentenced to pay a fine of five hundred dollars and also to confinement in the City prison for a period of ninety days. He sued out a writ of habeas corpus and upon a hearing before the Circuit Judge was ordered to be discharged. J. F. Kinkaid, the Marshal of the City of Live Oak, has brought this judgment here for review by writ of error. It is conceded that the ordinance of the City of

Live Oak, under which Jackson was convicted, provides that "Any person in this city who shall brawl, quarrel, fight, commit mischief, or otherwise behave in a disorderly manner, and any person who shall assist, encourage or promote the same,  *   *   *   shall be fined in a sum not exceeding five hundred dollars or imprisoned in the city prison at hard labor on the streets or other public works of the City for a period not exceeding three months, or by both fine and imprisonment at the discretion of the Mayor." It was successfully urged before the Circuit Judge that the ordinance in question was violative both of the Eighth Amendment to the Constitution of the United States and of Section Eight of the Declaration of Rights in the State Constitution, each of which forbids the imposing of "excessive fines" or the infliction of "cruel and unusual punishment." As to the Federal Constitution, we have held that the first eight amendments thereto have reference only to powers exercised by the government of the United States, and not to those of the States. Pittman v. State, 51 Fla. 94, 41 South. Rep. 385, 8 L. R. A. (N. S.) 509. See also Twining v. State 211 U. S. 78; Pervear v. Commonwealth, 5 Wall. (U. S.) 475; Spies v. Illinois, 123 U. S. 131, 8 Sup. Ct. Rep. 21. We must now consider whether or not the sentence imposed is violative of Section Eight of the Declaration of Rights of our State Constitution. As we have often held, "Habeas Corpus cannot be used to take the place, or to serve the purpose, of a writ of error to determine whether a judgment is erroneous, when the court has jurisdiction of the person and the conviction is of an offense under the law and within the jurisdiction of the court to try." Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834. As is further held in the cited cases, "A person held in custody under sentence of a municipal court upon a conviction on a

charge based on an ordinance alleged to be void, may test the validity of the ordinance in habeas corpus proceedings, and may be discharged from custody if the ordinance is void." See also the discussion in Crooms v. Schad, 51 Fla. 168, 40 South. Rep. 497, and Patterson v. Taylor, 51 Fla. 275, 40 South. Rep. 493. It is not contended that the City of Live Oak did not have the power to pass the ordinance in question, though there is some little contention as to the framing of the ordinance, in that, so it is urged, "it does not properly classify the offences against the penal ordinances of said City." There is no merit in this contention and there is no occasion to discuss it. Neither does there seem to be any necessity for any extended discussion of the only remaining point before us. We find that the Legislature has enacted the following statute, which forms Section 3227 of the General Statutes of Florida: "Whoever commits assault and battery shall be punished by imprisonment not exceeding six months, or by fine not exceeding five hundred dollars." This statute has been in force for many years, and, so far as we know, its validity has never been called in question. Evidently the Legislature did not think the punishment therein provided either cruel or unusual or the maximum fine of five hundred dollars excessive. Neither do we, nor do we see how as a matter of law it could be so held. As to the origin of this section in the Federal and State Constitutions and a collection of authorities bearing thereon, see the majority and dissenting opinions in Weems v. United States, 217 U. S. 349. We would also refer to the discussion in People ex rel. Kemmler v. Durston, 119 N. Y. 569. 20 N. E. Rep. 6, the judgment in which was approved in 136 U. S. 436, 10 Sup. Ct. Rep. 930, and to Hobbs v. State. 133 Ind. 404, 32 N. E. Rep. 1019. We will add that we have examined the authorities cited by the defendant in

error and are of the opinion that they do not sustain his contention. It follows from what we have said that the judgment must be reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.