W. H. DOWLING, AS SHERIFF OF DUVAL COUNTY, FLORIDA, *Plaintiff in Error*, v. JOHN P. LEE, *Defendant in Error.*

Opinion Filed June 25, 1914.

Rehearing Denied July 8, 1914.

1. Habeas Corpus cannot be used to take the place, or to serve the purpose, of a writ of error to determine whether a judgment is erroneous, when the court has jurisdiction of the person and the conviction is of an offense under the law and within the jurisdiction of the court to try.

2. Where a court martial has jurisdiction of the person accused and of the offense charged and acts within the scope of its lawful powers, its decision and sentence cannot be reviewed or set aside by the civil courts, by writ of habeas corpus or otherwise.

3. Section 25 of Chapter 5930 of the Laws of Florida, Acts of 1909, page 96, is sufficiently broad to embrace commissioned officers of the National Guard of the State of Florida, and, under the authority conferred by the State Constitution, to give general courts martial jurisdiction over such officers.

4.  Section 23 of Chapter 5930 of the Laws of Florida, Acts of
    1909, page 95, expressly adopts the Articles of War governing
    the armies of the United States, in so far as they are not
    inconsistent with the Constitution and Laws of Florida, and
    provides that such articles shall be applicable to and govern
    the National Guard of Florida.  A general court martial,
    convened in this State according to law, has jurisdiction to
    try a commissioned officer of the National Guard of Florida
    for an offense cognizable under such Articles of War.

5.  Where a commissioned officer of the National Guard of Flor-
    ida has been tried before a general court martial for two
    offenses and·convicted of each charge, he is not entitled to be
    discharged in habeas corpus proceedings, even though one
    of such charges may not have constituted an offense under the
    Laws of Florida where the other charge does charge an
    offense under such laws.

Writ of error to Circuit Court for Duval County; Daniel
A. Simmons, Judge.

Judgment reversed.

R. P. Daniel, Jr., for Plaintiff in Error;

Gibbons, Maxwell, McGarry & Daniel, for Defendant in
Error.

SHACKLEFORD, C. J.—John P. Lee, an officer on the su-
pernumerary list of the National Guard of the State of
Florida, commissioned as second lieutenant, was ar-
raigned before and tried by a General Court Martial, con-
vened by the Governor as Commander-in-Chief of the Na-
tional Guard of the State of Florida, sitting in Duval
County, on two charges, the first for an offense in viola
tion of the 21st Article of War and the second for an of-
fense in violation of the 62nd Article of War, specifica-

tions being set forth to each charge. He was found guilty of each charge and sentenced to pay a fine of one hundred dollars. The record of the proceedings 'of the Court Martial was submitted to and approved by the Governor and the sentence imposed confirmed and ordered carried into effect. After more than ten days had elapsed from the date of such approval and Lee not having paid the fine so imposed, the Governor issued his warrant to the Sheriff of Duval County, thereby commanding him to arrest Lee and to keep him confined in the jail of Duval County until such fine had been paid or until he had been confined in said jail one day for each dollar, or fraction thereof, of such fine, and the legal fees of such Sheriff. This warrant was executed by such Sheriff by the arrest and imprisonment of Lee in such jail, whereupon he sued out a writ of habeas corpus and upon a hearing before the Circuit Judge was ordered to be discharged. W. H. Dowling, as Sheriff of Duval County, Florida, has brought this judgment here for review by writ of error. The sole assignment is that the court erred in making its order whereby the petitioner was discharged.

The first point presented to us for determination is as to whether or not the Court Martial which tried Lee had jurisdiction of his person and of the subject-matter embraced in the charges presented to the Court Martial and upon which he was convicted. As we have several times held, habeas corpus cannot be used to take the place, or to serve the purpose, of a writ of error to determine whether a judgment is erroneous, when the court has jurisdiction of the person and the conviction is of an offense under the law and within the jurisdiction of the court to try. Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834, and Kinkaid v. Jackson, 66 Fla. 378, 63 South. Rep. 706, wherein prior decisions of this court will be found cited. As was held

in Johnson v. Sayre, 158 U. S. 109, 15 Sup. Ct. Rep. 773, "The Court Martial having jurisdiction of the person accused and of the offense charged, and having acted within the scope of its lawful powers, its decision and sentence cannot be reviewed or set aside by the civil courts, by writ of habeas corpus or otherwise." See also Dynes v. Hoover, 20 How. (U. S.) 65; Ex Parte Reed, 100 U. S. 13; Ex parte Mason, 105 U. S. 696; Smith v. Whitney, 116 U. S. 167, 16 Sup. Ct. Rep. 570; Swaim v. U. S., 165 U. S. 553, 17 Sup. Ct. Rep. 448; Bishop v. U. S., 197 U. S. 334, 25 Sup. Ct. Rep. 440; In re Crain, 84 Fed. Rep. 788; People v. Doyle, 59 N. Y. Supp. 959.

The first contention made on behalf of the defendant in error, as we understand it, is that the general court martial by which he was tried and convicted was without jurisdiction over his person, and hence he should have been discharged. We call attention to the fact that, as is shown by the transcript of the record, this was one of the contentions made before the Circuit Judge in the habeas corpus proceedings, but it would seem that he was not impressed with its soundness, as is shown by his order or judgment, which reads as follows:

"In Re Application John P. Lee
    for Habeas Corpus.

This matter coming on to be heard upon the petition for a writ of habeas corpus and the return of W. H. Dowling, as the Sheriff of Duval County, Florida, and having been argued by counsel, and it appearing to the court that the second charge and the specifications thereto in the proceedings of the Court Martial not constituting in law an an offense against the laws of the State of Florida, and it appearing that the sentence imposed was based upon the conviction of the said John P. Lee of said illegal charge:

It is thereupon considered that the prayer of the petition be and the same is hereby granted and that the said W. H. Dowling, as Sheriff of Duval County, Florida, is hereby ordered to release the said John P. Lee from custody and the said John P. Lee be and he is hereby released and discharged from custody of said W. H. Dowling as Sheriff of Duval County, Florida.

Done and ordered this October 1st, 1913.

DANIEL A. SIMMONS, Judge."

It is conceded by the defendant in error that general courts martial, under the authority conferred by the constitution and statutes of this State, have jurisdiction over the persons of non-commissioned officers and enlisted men, but it is urged that such courts martial have not jurisdiction over commissioned officers. As is admitted by the respective parties, Chapter 6501 of the Laws of Florida, Acts of 1913, page 332, has no applicability in the instant case for the reason that such chapter did not go into effect or become operative until after the commission of the offenses with which Lee was charged. We are of the opinion that this contention has not been sustained. It seems to us that the provisions of Section 25 of Chapter 5930 of the Laws of Florida, amending Section 703 of the General Statutes, found on page 96 of the Acts of 1909, are sufficiently broad to embrace commissioned officers. This section reads as follows:

"Sec. 25. That Section 703, of the General Statutes of the State of Florida, be and the same is hereby amended so as to read as follows:

703. *Courts-Martial.*—General courts-martial may be convened by order of the Commander-in-Chief or of any general officer, and such courts shall have power to im-

pose fines not exceeding two hundred dollars; to sentence
to forfeiture of pay and allowances; to a reprimand;
to dismissal or dishonorable discharge from the service;
to reduce non-commissioned officers to the ranks; to sen-
tence enlisted men to confinement when in the field on
camps of instruction, at rendezvous for target practice, on
practice marches, or whenever engaged in active and con-
tinuous military duty; Provided, however, that such con-
finement shall not extend beyond the time of the return
to its home station of the organization to which such
men belong and its relief from duty; or any two or more
such punishments may be combined in the sentences im-
posed by such courts. Regimental courts may be appoint-
ed by every officer commanding a regiment or corps for his
own regiment or corps; garrison courts may be appointed
by the commanding officer of any garrison, fort, post or
other place where the troops consist of different corps,
for such garrison or other place; and such regimental
and garrison courts-martial shall have the same powers of
punishment as general courts-martial, except that fines
imposed by such courts shall not exceed one hundred dol-
lars.   But no sentence of dismissal from the service or
dishonorable discharge shall be executed until approved
by the Commander-in-Chief.   Presidents of courts-martial
shall have power to issue warrants to the Sheriffs of the
State to arrest accused persons and bring them before the
court for trial whenever such persons have disobeyed an
order in writing from the convening authority to appear
before such court, a copy of the charge or charges having
been delivered to the accused with such order.   Judge
Advocates of all courts-martial shall have authority to
issue subpoenas for the attendance of witnesses, and
courts-martial shall have power to punish a refusal to.

be sworn or to answer, as provided in actions before civil courts."

We further find that Section 23 of such Chapter 5930, found on page 95 of the Acts of 1909, reads as follows:

"Sec. 23. That Section 699, of the General Statutes of the State of Florida, be and the same is hereby amended so as to read as follows:

699. *Articles of War.*—The Articles of War governing the armies of the United States shall be applicable to and shall govern the National Guard of Florida insofar as they are not inconsistent with the Constitution and laws of this State."

Turning to the Articles of War, referred to in the above quoted Section 23, we find that Article 62 and 79 are as follows:

"Art. 62. (*Crimes and disorders to prejudice of military discipline.*) All crimes not capital, and all disorders and neglects which officers and soldiers may be guilty of, to the prejudice of good order and military discipline, though not mentioned in the foregoing articles of war, are to be taken cognizance of by a general, or a regimental, garrison, or field-officers' court marshal (martial), according to the nature and degree of the offense, and punished at the discretion of such court." (R. S. *Sec.* 1342.)

"Art. 79. (*Officers triable by general courts-martial.*) Officers shall be tried only by general courts-marial; and no officer shall, when it can be avoided, be tried by officers inferior to him in rank." (R. S. *Sec.* 1342.)

These Articles will be found on pages 495 and 499 of Vol. 1, of Federal Statutes Annotated.

It is further urged by the defendant in error in support of his contention that general courts-martial have

jurisdiction only over such officers as are mustered and in pay of the United States, and not over officers of the National Guard of the State of Florida, and he relies upon Article 64 of the Articles of War, found on page 495 of Vol 1 of Federal Statutes Annotated, which is as follows:

"Art. 64. (*All troops subject to articles of war.*)   The officers and soldiers of any troops, whether militia or others, mustered and in pay of the United States, shall, at all times and in all places, be governed by the articles of war, and shall be subject to be tried by courts-martial.   (R. S. *Sec.* 1342.)"

Read in connection with the other Articles of War which we have copied above and construed in the light of our own quoted statutes, it is apparent that this Article 64 has no applicability to the instant case.

We are impelled to the conclusion that the general court martial which tried Lee did have jurisdiction over his person.   In this holding we would seem to be in accord with the Circuit Judge.

As we have previously set forth, Lee was tried for two offenses and convicted of each charge.   In the habeas corpus proceedings the Circuit Judge held that the second charge constituted no offense against the laws of this State and for that reason and on that ground discharged the petitioner, as is shown by this order which we have copied above.   It was not set forth in the petition presented to the Circuit Judge for the writ of habeas corpus, nor does it seem to have been contended before him, that the first charge upon which the defendant in error was tried and convicted, did not constitute an offense under the laws of this State.   Neither is this contention made here.   Assuming, then, that the first charge did constitute an offense under the laws of this State and that the second charge did not; though we do not decide that

point, and that the defendant in error was convicted of each charge would that warrant his discharge in a habeas corpus proceeding? In Washington v. State, 51 Fla. 137, 40 South. Rep. 765, we held as follows: "Where an information in separate counts charges two distinct and separate, but similar and kindred felonies, such as grand larceny of certain goods in one count, and the receiving and concealment of certain other goods knowing that they had been stolen in the other count, and there is a general verdict of guilty, the legal effect of such verdict is to convict the defendant of both of the separate crimes charged. In such a case the court may legally impose separate sentences as prescribed by law for each of said two offenses, or the court may properly treat the conviction as being for the highest crime charged in the information, and impose one legal appropriate penalty therefor." In O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940, we approved and followed such holding. We are of the opinion that the principle enunciated in these two cases is alike applicable in the instant case. We are strengthened in the correctness of this conclusion by three opinions rendered by the Judge Advocate General of the United States, which have been submitted to us by the plaintiff in error. See also the reasoning of this court in Bronk v. State, 43 Fla. 461, 31 South. Rep. 248, 99 Amer. St. Rep. 119, and Logan v. Childs, 51 Fla. 233, 41 South. Rep. 197.

It necessarily follows from what we have said that the judgment must be reversed at the cost of the defendant in error.

Judgment reversed.

TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.