THORNAL, Justice.
We are requested to review a decision of the District Court of Appeal, Third District, on the ground that it conflicts with prior decisions of this Court and another Court of Appeal on the same point of law.
Once again we are confronted by a judgment of a District Court reversing a trial court but lacking a majority opinion to support the judgment.
The decision submitted for review is Leveson v. State, Fla.App., 138 So.2d 361. Leveson was convicted of operating a gambling room and related offenses. The trial judge allowed into evidence, over objections, certain articles obtained as the result of a search of an apartment pursuant to a search warrant. The District Court held that the affidavit supporting the search warrant was fatally defective and hence the evidence was inadmissible. In .order to reach this point, however, the District Court was called upon to pass on the question of Leveson’s standing to raise the objections to the alleged unreasonable search.
This problem produced three separate opinions. Judge Hendry held that the rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, is now controlling in Florida. This led him to conclude that any person legally on the premises searched can question the validity of the search. Judge Carroll was of the view that it was unnecessary to apply the 'rule of Jones because in his opinion Lev-eson occupied the premises as a lessee and, therefore, had a sufficient interest to question the search under the long-established Florida rule. This view, however, led Judge Carroll to concur in the judgment of reversal, although he was impelled to do so for reasons different from those announced by Judge Hendry. Judge Pearson dissented from the judgment completely and would have affirmed the conviction.
The resultant situation is obvious. The judgment of conviction has been reversed but there-is no majority opinion on the vital element of the standing of the accused to raise the question of the validity of the search. One judge holds that he has standing under Jones v. United States, supra, because he was legally on the premises. Another judge does not reach the Jones rule but simply holds that the accused has standing under the Florida Rule because *526 he considers him to be a lessee. On remand the trial judge could not with assurance follow either opinion. In the future other trial courts would be lacking in any conclusive precedent to guide them.
We have previously indicated the view that a decision of an appellate court reversing a trial court should be supported by a majority opinion for the guidance of the trial court upon remand. The rule, of course, does not apply where a trial court is affirmed because the necessity for guidance upon remand is not there present. Rosenthal v. Scott, Fla., 131 So.2d 480; Solomon v. Sanitarians’ Registration Board et al., Fla., 147 So.2d 132, 1962.
As a consequence of the situation presented by the instant record we cannot reach the merits of the problem presented to us. There is no majority opinion which we can examine to determine presence or absence of jurisdiction here. As we did in the cases last cited, we will restore this case to the jurisdiction of the District Court of Appeal to enable the judges of that court to take such action as they deem appropriate in order to clarify the situation which has been presented to us. Rosenthal v. Scott, supra; Solomon v. Sanitarians’ Registration Board, supra. See also, Scott v. Rosenthal, Fla.App., 132 So. 2d 347.
Request is respectfully made to the District Court of Appeal, Third District, that it prepare and adopt a majority opinion setting forth the theory and reasoning upon which the majority bases its judgment of reversal in the subject case. In doing so that Court may thereby clarify the majority view and eliminate the apparent ambiguities produced by the separate views of the majority judges. Jurisdiction of the cause is temporarily relinquished to the District Court of Appeal, Third District, for that purpose. When this has been accomplished, the cause shall be re-■urned to this Court which will then proceed to determine whether sufficient conflict of decision exists so as to require further review here.
It is so ordered.
ROBERTS, C. J., and TERRELL, O’CONNELL and CALDWELL, JJ., concur.