PER CURIAM.
This is the second appearance of this appeal before us. Our decision upon the appeal is reported at Fla.App., 138 So.2d 361. On September 12, 1962, the Supreme Court of Florida granted a writ of certiorari and set the cause for consideration on jurisdiction and merits. Thereafter, by opinion filed December 19, 1962, 147 So.2d 524, the Supreme Court relinquished jurisdiction of the cause to this Court with' the request that we “prepare and adopt a majority opinion setting forth the theory and reasoning upon which the majority bases its judgment of reversal.” In the earnest reconsideration of this appeal and with every effort expended to clarify the majority view and to eliminate the ambiguities found by the Supreme Court in the separate views of the majority judges, we have been unable to reconcile the conscientiously held views of the separate judges as to some of the reasoning employed to reach our decision.
We think that it is clear, from the opinions previously filed, both by this Court and the Supreme Court, that the majority reaches its decision on this appeal upon the facts set forth in the opinion of Judge Hendry and for the reasons that, first the affidavit supporting the search warrant was insufficient and fatally defective, and second that the appellant had sufficient standing, with reference to the premises, to permit him to question the search. Our conclusion that the appellant had that standing is supported by different views as to the law which creates that standing. It is these different and conscientiously held views to which we must now respectfully adhere.
We have therefore determined that it is proper to certify the decision on this appeal to the Supreme Court of Florida pursuant to Article V, Section 4, Subsection (2) of the Constitution of the State of Florida, F.S.A. as a decision that passes upon a question of great public interest. Jurisdiction of the cause is returned to the Supreme Court of Florida as directed in its previously mentioned opinion and order.