151 So.2d 283 (1963)
The STATE of Florida, Petitioner,
v.
Harris LEVESON, Jr., Respondent.
No. 31809.
Supreme Court of Florida.
March 20, 1963.
Richard W. Ervin, Atty. Gen., David U. Tumin and Leonard R. Mellon, Asst. Attys. Gen., for petitioner.
Manners & Amoon and John Charter Reed, Miami, for respondent.
THORNAL, Justice.
We consider the State's petition for a writ of certiorari pursuant to District Court certification that the decision below passes upon a question of great public interest. Article V, Section 4, Florida Constitution, F.S.A.
We must determine whether the respondent Leveson had sufficient standing to challenge the validity of a search and seizure.
The decision submitted for review is Leveson v. State, Fla.App., 138 So.2d 361. The matter came to us originally by a petition for a writ of certiorari alleging a *284 direct conflict between the decision of the District Court and prior decisions of this Court. Our initial examination of the decision below revealed that it actually consisted of three separate opinions reflecting the individual views of the three District Judges. We returned the cause to the District Court of Appeal, Third District. We requested that, if possible, the Judges reconcile their somewhat divergent views and adopt a majority opinion reflecting the basis upon which the judgment of the trial court was being reversed. State v. Leveson, Fla., 147 So.2d 524. When the cause was returned to the District Court the Judges of that Court made a diligent and earnest effort to arrive at a majority accord. Because of the differences between them conscientiously held, they have found it impossible to arrive at a majority agreement on the reasons for the reversal of the trial Judge. The District Court has, however, now certified the decision in this Court stating that it is one which passes upon a question of great public interest. Leveson v. State, Fla.App., 149 So.2d 80. Our jurisdiction to review the matter is now grounded upon the certification by the District Court. Article V, Section 4(2), Florida Constitution. Carraway v. Revell, Fla., 116 So.2d 16.
The factual background is reflected by the opinion of the District Court. Leveson v. State, Fla.App., 138 So.2d 361. Leveson was convicted of violating various aspects of the lottery laws. Section 849.09, Florida Statutes, F.S.A. Prior to the trial he moved to quash a search warrant and to suppress certain evidence obtained thereunder. The motions were denied and the evidence was allowed at the trial which resulted in conviction.
On the motions to quash and suppress the state contended that Leveson did not have sufficient standing to assault the validity of the search warrant. The seized property when allowed in evidence, produced the conviction. The question of standing arises out of the nature of Leveson's occupancy of an apartment which was searched pursuant to the warrant. Leveson was present at the time of the search. It appears that Leveson had arranged for the occupancy of the apartment by his "girl friend." Although the lease was technically taken in the name of the "girl friend" it is perfectly obvious that the arrangement was made for the convenience and accommodation of Leveson, as well as the technical lessee. Leveson had full-time possession of a key to the apartment and occupied the same at will. He kept articles of clothing there and frequently spent the night. On occasions he had occupied the apartment for as many as five nights consecutively. He paid the rent for the first and last months, as well as for intervening periods. The execution of the lease in the name of the "girl friend" was merely to accommodate his meretricious arrangement to the fact that he had a wife and a home at another location. By a strange quirk he now benefits from his marital infidelity.
The trial judge ruled that under earlier decisions of this Court, Leveson had no standing to contest the search. His conclusion apparently was based upon the view that in order to attack a search warrant one must be the owner, lessee or permanent occupant of the premises. On appeal the District Court reversed. It is this reversal which produces our instant problem. Judge Hendry of the District Court held that searches in Florida are now governed by the rule of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. He decided that under Jones any person legally on the premises searched has standing to question the validity of the search. Inasmuch as this Court has consistently followed the decisions of the Supreme Court of the United States on the exclusion of evidence obtained pursuant to an illegal search, Judge Hendry concluded that Jones v. United States, supra, now governs in Florida. Judge Carroll of the District Court was of the view that the rule of Jones does not necessarily apply in Florida. Nevertheless, he felt that Leveson had standing because for all practical purposes he was the lessee of *285 the premises and met the requirements of the Florida rule. Judge Pearson agreed that the Jones rule does not govern in Florida. He felt that Leveson had no standing under any rule.
In summary, two District Court Judges concluded that the search warrant was fatally defective. For different reasons they concluded that Leveson had standing to question the search. One of these Judges felt that the rule of Jones is not applicable in Florida. A dissenting Judge agreed to this conclusion but held that under no rule did Leveson have standing to attack the search. The consequence was that two Judges held the search invalid and two held that Jones v. United States, supra, is not applicable in Florida.
The State as petitioner here does not question the decision of the majority which holds the search invalid. We are, therefore, neither requested nor required to pass upon the ruling regarding the invalidity vel non of the search warrant.
Our examination of the record leads us to conclude that, under the long-established Florida rule existing prior to Jones v. United States, supra, Leveson had a sufficient interest in the property searched to enable him to attack the validity of the search. We, therefore, do not reach the question of the applicability of the rule of Jones v. United States, supra. By that decision the Supreme Court of the United States apparently has eliminated the former technical requirements of ownership or right of occupancy. The federal rule now appears to be that anyone legally on the premises which are subjected to the search can attack the validity of the search if the proceeds of the search are offered in evidence against him. This rule, however, is still in its formative stages and remains subject to numerous potential ramifications. We do not have the benefit of a sufficient number of subsequent federal decisions to serve as a reliable guide to the ultimate applicability of the rule. Inasmuch as it is not necessary to reach the Jones rule in the instant case we, therefore, deem it both inappropriate and inadvisable to speculate at this point on the various factual situations to which it may be applied in the future. This is so despite the accuracy of the observation made by Judge Hendry of the District Court to the effect that Florida has consistently analogized the provisions of Section 22, Declaration of Rights, Florida Constitution, F.S.A., to the provisions of the Fourth Amendment to the Constitution of the United States regarding unreasonable searches and seizures. Church v. State, 151 Fla. 24, 9 So.2d 164; Sing v. Wainwright, Fla., 148 So.2d 19. See also, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.
In reaching our conclusion we lay aside any concern regarding technical distinctions relating to rights of occupancy and possession, as defined by the great body of private property law. Our consideration of the instant problem is limited entirely to the question of standing to assert the constitutional right to be free from unreasonable searches and seizures. Jones v. United States, supra.
Returning to our basic decision in Church v. State, supra, it is noted that we there held that where the premises searched is the dwelling or is owned or rented by, or is in the possession of the accused, he has standing to attack the search. As employed in this connection we understand "possession" to have reference to an unrestricted right of occupancy or custody and control of the premises as distinguished from occasional presence on the premises as a mere guest or invitee. Within the confines of this pronouncement it appears to us that even though Leveson was not the technical lessee, inasmuch as his "girl friend" was so designated, the fact remains that under the arrangement presented by the record he was actually in possession of the property. The entire arrangement was for his convenience and resulted from his negotiations and payment of the consideration therefor. He enjoyed complete and unrestricted access to the apartment. He occupied it at *286 will for substantial periods of time. On the basis of the undisputed facts, there can be little question that he had such custody and possession of the premises as would enable him to assert constitutional protection against unreasonable searches, even under the long-established rule in Florida prior to Jones v. United States, supra.
Having concluded that the respondent had standing to attack the search and being relieved of the responsibility to consider the actual validity of the search warrant because of the State's election not to raise this issue, we must conclude that the District Court's ultimate judgment of reversal was correct. For the reasons which we have above announced, that judgment is approved and the writ is discharged.
It is so ordered.
ROBERTS, C.J., and TERRELL, O'CONNELL and CALDWELL, JJ., concur.