JOHNSON, Acting Chief Judge.
This appeal is from an order of the trial court denying appellant’s motion to suppress evidence seized by the Sheriff’s Department in what the State denominated as an “inventory search.”
The facts leading up to the alleged illegal search were these:
Appellant and another young man were riding in a “borrowed” van type truck, late at night, and in attempting to turn around the truck got stuck in the ditch along the road. After futile attempts to get the truck out, a man came by and said he would get a tow-truck for them. Nothing else was heard of this man, but shortly thereafter, about 1:30 A.M., a Deputy Sheriff of Suwannee County, in response to a report of a stranded truck, showed up on the scene. The testimony is conflicting to some extent between that of the Deputy Sheriff and the appellant and his companion. There were three versions of what was said and done.
At a hearing on a motion to suppress the evidence found at the motel room, it was testified to by the appellant that when the deputy arrived, he had asked appellant to let him see what was in the back of the van, but that he refused to let him. Appellant’s codefendant testified that he had been driving and had gotten out of the truck when the deputy asked him to open the reardoors of the van and he did. He said in cross-examination that to open the back of the truck was a voluntary act. The deputy testified that the back of the truck was open and the dome light was on. That he could see in plain view the interi- or of the truck and could see the plastic *451 bottle of different colored pills and several watches lying on the floor of the truck. He said that after getting the correct names of the two young men and their addresses he had radioed in for a check for records. This report was that the code-fendant Chesher had a record for possession of dangerous drugs and concealed weapons. Then the deputy went into the truck and picked up the pills and then placed both men under arrest for possession of dangerous drugs. By this time the Sheriff of Suwannee County and a highway patrolman had appeared on the scene. The deputy was directed to take the appellant and his codefendant to jail. A motel room key was produced and the Sheriff and the highway patrolman proceeded to the motel. At the motel the manager accompanied the Sheriff and patrolman to the room which was registered in the name of the codefendant Chesher. The Sheriff knocked on the door and another occupant of the room, a Mr. Conn, opened the door and the Sheriff walked in. It was pretty well admitted that the bank bag and an unusual amount of silver coins were in or on a table as well as a number of watches. At this time the Sheriff was not searching for any specific property. He claimed he was making an “inventory” of the property of the two men who were in jail.
The appellant filed a motion to suppress the evidence found in the truck and in the motel on the ground of illegal search.
We mention that the evidence found in the truck, as testified by the deputy was in plain view — a fact that was denied by the defendants; and the Sheriff said evidence seized at the motel room was the result of an “inventory” and therefore not subject to obj ection.
We don’t think we need to deal with these questions because under the facts of this case the appellant herein has no standing to assert that the evidence was obtained from an unreasonable search and seizure. Appellant was not the owner nor lessor nor even the driver with consent of the truck. His rights were not being invaded. He was not registered in the motel, and therefore he did not have any constitutional inhibition against a search of the motel room.
In Gispert v. State, 118 So.2d 596 (Fla.App. 2nd, 1960), the court held that:
“The fact that the appellants were on a joint nefarious venture, and that one non-owner was driving the car, does not give the two non-owners such occupancy or possession of the automobile or interest therein or the property seized as would place them in a position to claim wrongful search and seizure.”
And, in 29 Fla.Jur., “Search and Seizure”, § 13, the following appears: “One must claim and prove himself to be the owner, lessee, or tenant, or the lawful occupant of the premises searched in order to be protected under the constitutional guaranty.” [1]
Therefore, since there is probable sufficient evidence to sustain the plain view doctrine, and the conclusive evidence that the appellant was not entitled to raise the question of the illegality of the search and seizure, we affirm the Order refusing to suppress the evidence as to the appellant in this case.
Affirmed.
BOYER, J., and STOKES, ROBERT G., Associate Judge, concur.

. Trihue v. State, 106 So.2d 630 (Fla.App. 2nd, 1958).