337 So.2d 959 (1976)
Richard James ELSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 47342.
Supreme Court of Florida.
September 23, 1976.
*961 David J Busch and Ron K. Zimmet, Asst. Public Defenders, and Jerold Arthur Caughey, Sp. Asst. Public Defender, Tacoma, Wash., for petitioner.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, First District (Elson v. State, 310 So.2d 450), which allegedly conflicts with prior decisions of this Court (State v. Leveson, Fla., 151 So.2d 283, and Church v. State, 151 Fla. 24, 9 So.2d 164) on the same point of law. Fla. Const. art. V, § 3(b)(3), F.S.A.
Petitioner Elson, hereinafter referred to as defendant, and co-defendant Chesher borrowed a U-Haul van from co-defendant Conn, the lessee of the van. Late at night the truck became stuck in a ditch and a deputy sheriff, responding to a report of a stranded truck, arrived at the scene. Upon learning the names of defendant and Chesher, the officer ordered a check of records which revealed that Chesher had been arrested for possession of dangerous drugs and concealed weapons.
According to the officer, the back of the truck was open and the dome light was on. He could see in plain view the interior of the truck and a plastic bottle of different colored pills. Also, several watches were lying on the floor of the truck. The officer entered the truck, picked up the pills, and arrested defendant and Chesher for possession of dangerous drugs.
When defendant and Chesher were taken to jail, a motel room key was produced. It was ascertained that defendant and another man had rented the motel room. The sheriff and a highway patrolman proceeded to the motel, and were accompanied by the manager to the room which was registered in the name of co-defendant Chesher. The sheriff knocked on the door and Gary Conn, who was occupying the room, opened the door. The sheriff entered. He testified that he was making an inventory search so as to protect any property defendant and Chesher might have had at the motel and obtain any money which might be available for bond purposes.
After entering the motel room the sheriff seized a bank bag, as well as a number of watches, and some silver coins which were on a table. The sheriff was not searching for any particular property, claiming he was making an "inventory" of the property of the two men who were in jail.
In considering an appeal from an order denying the motion to suppress, the District Court of Appeal held that defendant did not have standing to question the search as "[h]e was not registered in the motel, and therefore he did not have any constitutional inhibition against a search of the motel room."
In State v. Leveson, 151 So.2d 283 (Fla. 1963), a lottery conviction, the trial court denied motions to suppress evidence on the ground that Leveson had no standing to attack the search warrants. The facts were discussed as follows:
"It appears that Leveson had arranged for the occupancy of the apartment by his `girl friend.' Although the lease was technically taken in the name of the `girl friend' it is perfectly obvious that the arrangement was made for the convenience and accommodation of Leveson, as well as the technical lessee. Leveson had fulltime possession of a key to the apartment and occupied the same at will. He kept articles of clothing there and frequently spent the night. On occasions he had occupied the apartment for as many as five nights consecutively. He paid the rent for the first and last months, as well as for intervening periods. The execution of the lease in the name of the `girl friend' was merely to accommodate his meretricious arrangement to the fact that he had a wife and a home at another location." 151 So.2d at 284.
*962 On appeal two District Court judges concluded that the search warrant was fatally defective. For different reasons they concluded that Leveson had standing to question the search. One judge felt that Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960), was not applicable in Florida. The consequence was that two judges held the search invalid and two held that Jones v. United States, supra, was not applicable in Florida. In holding that Leveson had standing to attack the search and seizure, this Court said:
"Our examination of the record leads us to conclude that, under the long-established Florida rule existing prior to Jones v. United States, supra, Leveson had a sufficient interest in the property searched to enable him to attack the validity of the search. We, therefore, do not reach the question of the applicability of the rule of Jones v. United States, supra. By that decision the Supreme Court of the United States apparently has eliminated the former technical requirements of ownership or right of occupancy. The federal rule now appears to be that anyone legally on the premises which are subjected to the search can attack the validity of the search if the proceeds of the search are offered in evidence against him. This rule, however, is still in its formative stages and remains subject to numerous potential ramifications."
* * * * * *
"In reaching our conclusion we lay aside any concern regarding technical distinctions relating to rights of occupancy and possession, as defined by the great body of private property law. Our consideration of the instant problem is limited entirely to the question of standing to assert the constitutional right to be free from unreasonable searches and seizures." 151 So.2d at 285.
In the instant case defendant possessed the motel room key. Although the room was registered in the name of Chesher, it contained defendant's property. There is conflict and we have jurisdiction.
The search of the motel room was not incident to an arrest nor was it conducted on premises within defendant's immediate control. There was no emergency, for defendant was in custody and no one having access to the premises could have had knowledge that the police were interested in the premises. There was no evidence of motive on the part of the occupants to destroy evidence. The lack of a search warrant cannot be justified on the ground that there was insufficient time to obtain one.
The State argues that the search was an inventory search made for the protection of defendant. The inventory search concept can validate a warrantless search only where the police have some valid reason or right for taking a defendant's property into custody. It is well settled, of course, that the search of a vehicle is not unreasonable when the search is a routine inventory of the car which is taken into custody. Gagnon v. State, 212 So.2d 337 (Fla.App.3d 1968); Urguhart v. State, 261 So.2d 535 (Fla.App.2d 1971). After an abandoned automobile is placed in protective custody, the officers would be bound to inventory the car and its contents both for the preservation thereof and to insulate themselves and the garage owner acting under their direction from possible responsibility in the event of theft or destruction. Under such circumstances gaining access to the interior of the car and making an inventory of its contents would not be an unreasonable search. Godbee v. State, 224 So.2d 441 (Fla.App.2d 1969).
The distinction between an inventory search and an exploratory search is a delicate one which depends upon the totality of the circumstances in each case. The most that can be said for the State's position is that for the convenience and protection of the defendant, the motel, and the sheriff's department, the officers should follow the inventory procedure of taking into custody the property of a defendant residing in a motel so as to protect it while he is in jail. There are no facts which can be construed to place any responsibility on *963 the sheriff's department for the care of defendant's property located in the motel room and, thus, making the sheriff's department liable for claims regarding such property. The search had no relation to the crime for which defendant was arrested. The innkeeper was adequately protected by statutory provisions limiting the liability of an innkeeper for loss of guests' property. Fla. Stat. § 509.111, F.S.A.
It is only natural that the circumstances of this arrest created general suspicion on the part of the investigating officer. Under such circumstances it would be incumbent upon the officer to show by positive evidence that the search was "inventory" and not "exploratory." To state that it is standard procedure to inventory the motel rooms does not lift the search into the classification of "inventory."
The court in State v. Jenkins, 319 So.2d 91, 93 (Fla.App.4th 1975), said:
"Regardless of the resort to a play on semantics suggesting that a distinction exists between an `inventory' and a `search' an `inventory' search is a `search' within the Fourth Amendment prohibition against unreasonable searches and seizures  A rose by any other name would smell as sweet  Shakespeare."
Courts considering the inventory concept do not always agree as to whether the inventory is a search within the Fourth Amendment since some courts say that a search implies an examination of premises or persons with a view to the discovery of evidence of guilt. See United States v. Blackburn, 389 F.2d 93 (6th Cir.1968). Other courts, including ours, hold that the Fourth Amendment governs all intrusions on personal security by agents of the public. If there is an intrusion upon personal security by an officer, there is a search. See Gagnon v. State, supra, and Godbee v. State, supra.
Defendant should have been given the choice of leaving his belongings in the motel room or requesting the sheriff to take them into custody for him. He should not be required without his consent to have his personal belongings stored by the sheriff during the time that he is in jail.
That portion of the decision of the District Court of Appeal holding that defendant had no standing to object to the search of the motel room is quashed and the cause is remanded for the purpose of having same remanded to the trial court with instructions to suppress the evidence seized by the sheriff's department in the search of the motel room.
It is so ordered.
ROBERTS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
OVERTON, C.J., dissents.