FLOYD B. WARWICK, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

140 So. 219.

En Banc.

Opinion filed March 3, 1932.

*Vincent C. Giblin* and *J. F. Gordon,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—In this case the defendant was tried and convicted upon an Information charging robbery while being armed with a deadly weapon. The evidence, such as it was in the case, is far from conclusive of the defendant's guilt. It appears to be stated by plaintiff in error and conceded by the State that the question necessary for us to determine in this case is as follows:

"Where a person who is suspected of having committed a crime, is arrested by police officers several blocks from his residence and confined in jail, may evidence obtained by a search of the prisoner's private dwelling by police officers, without a search warrant and in the absence of a waiver by the prisoner of his constitutional rights, be used to convict him

where timely and proper objection is made by him to the use of such evidence?''

Under authority of the opinion and judgment in the case of Gildrie et al. vs. State, and authorities there cited, 94 Fla. 134, 113 Sou. 704, this question must be answered in the negative and the judgment reversed. It is so ordered.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.