JOSEPH CARNAGIO, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

143 So. 164.

En Banc.

Opinion filed July 18, 1932.

*Hendricks & Hendricks*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *H. E. Carter*, Assistant, for the State.

BUFORD, C.J.—In this case the defendant was convicted under a second count of an information which charged that the defendant on the 25th day of September, 1931, in Dade County, Florida, "did then and there unlawfully and feloniously have in his possession certain lottery tickets commonly known as bolito tickets and certain lottery implements and devices consisting of posters,

circulars, advertisements, pamphlets, sheets, stamps and balls and memoranda,'' etc.

On the trial certain paraphernalia, slips or tickets commonly used in a lottery or bolito were introduced in evidence. These things were taken from a house in which the defendant lived but were not shown to have been found in his possession or in a room occupied by him and neither was he shown to be the head of the house.

Aside from this, however, the things referred to were procured under authority of a pretended search warrant which was based upon an affidavit which did not comply with the law governing the procuring of a search warrant to search a private dwelling. The affidavit alleged that the affiant has probable cause to suspect and does suspect that one Rose and Josephine Carnagio and Grace Bierge is in charge of operating and causing to be operated said gambling and gambling instruments and appliances at said above named place in violation of law'' etc. But the affidavit entirely fails to set forth the facts upon which such reason or belief is based and, therefore, was insufficient as the basis for a search warrant under the provisions of section 2, Chapter 10283, Acts of 1925, section 8518 C. G. L. See Schencks vs. United States, 2 Fed. (2nd) 185; United States v. Kelly, et al., 277 Fed. 485; Pell vs. State, 97 Fla. 650, 122 Sou. 110 and cases there cited.

Other errors appear in the record, but since the judgment must be reversed because of the unlawful admission of the things above referred to in evidence and as it appears from the record that no conviction can be had without the use of these things, there is no necessity for a discussion of the other matters complained of.

In this case a practice has been followed which has become almost universal in the evading of the provisions of Special Rule 1, which provides as follows:

"In no case shall the testimony be stated in the form of a stenographer's report of testimony, but all testimony inserted shall be in narrative form, omitting all questions to witnesses, provided every question to a witness which is the basis of some ground for reveral mentioned in the assignment of errors, with its answer, if any, shall be stated at length; and provided, further, that if the trial judge shall be satisfied, and shall *certify* in such bill that it is indispensable that all or part of the testimony of some particular witness or witnesses shall be stated in the form of question and answer, in order to enable the Appellate Court to properly understand or weigh the testimony of such witness or witnesses, the questions embraced in the particular parts of the testimony so certified, and *those only*, with their answer, may be stated at length."

It has become a common practice for trial judges to certify that it is indispensable that all of the testimony shall be stated in the form of questions and answers in order to enable the Appellate Court to properly understand or weigh the testimony of the witnesses. The fact is that in presenting the testimony in this form a greater burden is placed upon the Appellate Court and the Justices of the Appellate Court must each digest the questions and answers and each determine for himself the gist of the proof made thereby. In most cases this can better be done by the attorneys and the trial judge in settling of the bill of exceptions. The attorneys and the trial courts can aid this Court materially in the disposition of cases if they will comply with the rules.

What we say here is not intended as a reflection upon any trial judge or upon any attorney, but it is said believing that the attorneys at the bar and the trial judges want to be of as much assistance to the Appellate Court as is possible and there is no way in which they can help so much as by complying with the rules which have been promulgated for this very purpose.

The judgment should be reversed and it is so ordered.
Reversed.

WHITFIELD, ELLIS AND DAVIS, J.J., concur.

TERRELL AND BROWN, J.J., concur in the conclusion.