J. Harold Davis v. State.

152 So. 6.
Division A
Opinion Filed January 10, 1934.

*Watt Lawler,* for Plaintiff in Error.

*Cary D. Landis,* Attorney General, for the State.

Davis, C. J.—In this case error was assigned on the contested admission in evidence against the accused of the results of a search of defendant's premises for intoxicating liquors pursuant to an affidavit and search warrant that plaintiff in error asserts was illegal and insufficient for the purposes of search and seizure of liquors from his dwelling house. The defendant was convicted of violation of the liquor law (second offense), and from the judgment and sentence imposed, he prosecutes this writ of error.

An affidavit for a search warrant based on information and belief is not for that reason alone insufficient in law, provided the source of the information and belief is fully stated in issuable form so that the courts may determine

from the recitals of the warrant after issuance, whether the facts recited in the affidavit as the source of the affiant's information and belief, constitute probable cause in contemplation of law to authorize the issuance of a search warrant.

In this case the source of the affiant's information and belief is sufficiently stated and the premises to be searched are sufficiently described. But the thing or things to be searched for and seized under the warrant are in no respect sufficiently mentioned or described. Therefore the affidavit and search warrant, while not defective in its allegations showing probable cause for judicially authorizing the search prayed for, is wholly insufficient as authority of law for searching the place described therein, because of the omission to reasonably describe the thing or things to be searched for and seized pursuant to the terms of the warrant.

The search warrant being insufficient, should have been quashed on motion to the issuing magistrate, or the evidence seized under it suppressed at the trial upon the timely motion therefor made by defendant. See Gildrie v. State, 94 Fla. 134, 113 Sou. Rep. 704; Section 22 of Declaration of Rights.

Reversed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.