### WILL MATHIS v. STATE OF FLORIDA

15 So. (2nd) 762                                     June Term, 1943
December 7, 1943                                      Division B

*L. D. Oxford* and *Oxford & Oxford,* for appellant.

*J. Tom Watson,* Attorney General, *John C. Wynn,* Assistant Attorney General, and *Bourke Floyd,* Special Assistant Attorney General, for appellee.

BUFORD, C. J.:

The first count of the information filed September 2, 1942, charged the appellant with unlawfully conducting a lottery

for money, and selling tickets in said lottery which is commonly known as bolita. The second count charged him with unlawfully possessing certain implements and devices for conducting a lottery, commonly known as bolita, for money, said implements and devices being duplicate tickets in a lottery not yet played, and being a part of the paraphernalia for conducting said lottery. Appellant pleaded not guilty.

The record shows that on July 27, 1942, at night, two deputy sheriffs went to the dwelling house where accused lived and entered via the front porch and a hall, opened the door to his bed room and there seized certain papers which they claimed to be lottery tickets; that they had no legal process giving them a right to enter, had heard nothing that tended to be a breach of the peace before entering and that permission to enter was neither asked nor granted by appellant. One deputy claimed that a negro whom he knew only as "Black" told him that bolita was sold at the place. The deputies contended that they parked near the home of the appellant and saw three or four people go in the place, one at a time, and come out again, some of them with papers in their hands which they looked at and folded up and put in their pockets.

Appellant filed his motion, supported by affidavit to suppress as evidence the papers alleged to have been seized, which motion was denied. Objection to the introduction of the papers at the trial was overruled.

A verdict of guilty was rendered and appellant was sentenced to pay a $500.00 fine or alternatively, to serve six months in the county jail. Appeal was prosecuted.

Appellant's pertinent questions are:

1. "Has a deputy sheriff the right to stealthily enter into the home of a citizen of Florida in the night time and open the bed room door of this citizen without permission of the defendant and without any legal process whatsoever, even though some one has told them that bolita tickets were being possessed and/or sold in said bed room?"

2. "Are slips of paper illegally seized by deputy sheriffs from the bed room occupied at the time by a citizen, admis-

sible in evidence against the citizen to prove that he was illegally in possession of said slips of paper or that the possession of said slips of paper made him guilty of a crime?"

We reach the conclusion that both questions find substantial basis in the record and that both must be answered in the negative on authority of our opinions and judgments in the cases of Jeffcoat v. State, 103 Fla. 466, 138 So. 385; Gildrie v. State, 94 Fla. 134, 113 So. 704 cited in Cooper v. State, 106 Fla. 254, 143 So. 217; Warwick v. State, 104 Fla. 393, 140 So. 219; Robertson v. State, 94 Fla. 770, 114 So. 534; Carnagio v. State, 106 Fla. 222, 143 So. 164; Kendall v. State, 117 Fla. 271, 157 So. 569; Davis v. State, 113 Fla. 713, 152 So. 6; Thurman v. State, 116 Fla. 426, 156 So. 484.

It can serve no useful purpose for us to indulge in preachment concerning the sanctity of one's residence. The same degree of sanctity and protection which is accorded the palace, likewise applies in the hovel.

Without the inadmissible evidence which was sought to be excluded, we are unable to say that conviction could have been had.

Therefore, judgment is reversed and the cause remanded for further proceedings.

So ordered.

Reversed.

BROWN, THOMAS and SEBRING, JJ., concur.