75 So.2d 291 (1954)
Lucille MELTON, Appellant,
v.
The STATE of Florida, Appellee.
Supreme Court of Florida. Division A.
October 26, 1954.
*293 Branch & Goff, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and Mark R. Hawes, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
This is an appeal from a final judgment of conviction in the Criminal Court of Record for Hillsborough County, on a charge of unlawful possession of moonshine whiskey and the concealment of the same.
According to the record the arresting officer obtained information as to the defendant's activities by sending a representative to her home to buy moonshine whiskey. Several days after the purchase of a bottle of moonshine liquor by the representative, the arresting officer obtained a search warrant, went to the home of the defendant, informed her of his mission, and asked her and another person then present in the house to come with him to the kitchen. There, he read the warrant to the defendant. After this, the arresting officer pulled aside a rug and strip of linoleum laying under the kitchen table, which disclosed a hole cut in the floor under which was cached several jugs of moonshine whiskey. After making this discovery, the arresting officer took possession of the whiskey and drove the defendant to the county jail, where she was duly charged with the felony upon which the judgment appealed from was rendered.
Prior to the trial on the charge a motion to quash the search warrant was granted by the trial court at the instance of the defendant. At the trial, however, the court refused to suppress the evidence that was discovered by the arresting officer and held it admissible on the theory that it was obtained by a lawful search made incident to a lawful arrest.
On this appeal three questions arise, which may be stated, in substance, as follows: (1) Was a lawful arrest effected by reason of the service of the invalid search warrant upon the defendant? (2) Was there probable cause for the arrest independent of the invalid search warrant in question? (3) Was the search and seizure of the moonshine whiskey within the proper limits of a search incident to a lawful arrest?
We think it quite clear that no lawful arrest was effected merely by the service of the invalid search warrant upon the defendant. A search warrant is an order in writing issued by a judge having jurisdiction within the district where the place, vehicle or thing to be searched may be, directed to a peace officer, commanding him to search for personal property and bring the same before said judge or some court having jurisdiction of the offense. Sections 923.11, 923.12, 933.01, 933.02, 933.06, 933.07, Florida Statutes 1951, F.S.A. 47 Am.Jur., Searches and Seizures, Sec. 3; Cornelius, Search and Seizure, 2nd ed., Sec. 150. While contained within the search warrant is an order for the arrest of the person named in the warrant in whose custody, control or possession the personal property may be found, it is plain from an inspection of the statute that the order for arrest is not absolute in terms, but is expressly conditioned on the peace officer first finding the personal property described in the warrant and then arresting the person named in the warrant in whose custody, control or possession the property is found. See section 923.12, Florida Statutes 1951, F.S.A.; also see section 923.16, Florida Statutes 1951, F.S.A., for a form of warrant of arrest. Such being the nature of the search warrant, and the limitation of authority contained therein to make an arrest, it seems obvious that where the search warrant is wholly invalid, as is the case here, there can be no valid search and seizure by virtue of its provisions alone and consequently there can be no valid arrest by virtue of a seizure of property thereunder. Davis v. State, 113 Fla. 713, 152 So. 6.
As to the second question raised on appeal, it is settled that a peace officer may arrest without warrant when he has reasonable grounds to believe and does believe that a felony has been or is about to be committed in his presence and that the person to be arrested has committed, or *294 is the one committing, it. Section 901.15, Florida Statutes 1951, F.S.A.; Longo v. State, 157 Fla. 668, 26 So.2d 818; Brown v. State, Fla., 46 So.2d 479. We think that under the facts of the case at bar the peace officer was warranted in believing that a felony had been, or was being, committed by the defendant and therefore was authorized to make an arrest without a warrant.
The third question is whether or not the search and seizure of the moonshine whiskey after the search warrant was read was within the proper limits of a search incident to the arrest of the defendant.
It is uniformly held that an arrest, in the technical and restricted sense of the criminal law, is "the apprehension or taking into custody of an alleged offender, in order that he may be brought into the proper court to answer for a crime." Cornelius, Search and Seizures, 2nd ed., Sec. 47. When used in this sense, an arrest involves the following elements: (1) A purpose or intention to effect an arrest under a real or pretended authority; (2) An actual or constructive seizure or detention of the person to be arrested by a person having present power to control the person arrested; (3) A communication by the arresting officer to the person whose arrest is sought, of an intention or purpose then and there to effect an arrest; and (4) An understanding by the person whose arrest is sought that it is the intention of the arresting officer then and there to arrest and detain him. Cornelius, Search and Seizure, 2nd ed., Sec. 47; 6 C.J.S., Arrest, § 1.
It is conceded by the parties that all of these elements were present when, after finding the cache of moonshine whiskey, the arresting officer informed the defendant of his intention to take her to the county jail and lodge a charge against her for violation of the liquor laws. The crux of the issue before us, however, is not whether an arrest was made at that time, but whether or not it was made prior to the seizure of the contraband, so as to authorize the use of the contraband as evidence at the trial of the defendant.
On this narrow issue the arresting officer, who was the only witness for the state, testified unequivocally that he did not make the arrest until after the search had been made and the moonshine whiskey had been seized under the invalid search warrant. There are no facts and circumstances in the case to negative this testimony. Consequently, it must be assumed that the arresting officer did not intend to make an arrest unless he was successful in first discovering, by virtue of the authority conferred upon him by the supposedly valid search warrant, something of an inculpatory nature that would tend to establish the corpus delicti. Therefore, there is no valid ground upon which it can be held that the seizure of the moonshine whiskey was incidental to the arrest of the defendant. Indeed, all the evidence in the case points to the fact that the arrest was incidental to the search and seizure. Under such circumstances, the evidence illegally seized before the arrest of the defendant was not admissible in evidence against her.
We cannot follow the contention of the State that Brown v. State, supra, is authority for the proposition that in the present case the moonshine whiskey was admissible in evidence. In Brown v. State, supra, the person arrested was the driver of an automobile travelling at a great speed upon the highway. There is a necessary difference between the search of a dwelling house in respect of which a search warrant may be readily obtained and the search of an automobile for contraband goods, where it may not be practicable to secure a search warrant, because the vehicle can be quickly moved out of the jurisdiction in which the warrant must be sought. 47 Am.Jur., Searches and Seizures, Sec. 18. See also Collins v. State, Fla., 65 So.2d 61. But aside from this, the defendant in the Brown case was placed under arrest before any search of the vehicle was undertaken. Consequently, the seizures of the contraband found in the automobile is the result of the search and was incidental to the arrest of the defendant; not vice versa. Indeed, all that Brown v. State, supra, holds is that when an arresting officer has reasonable *295 cause to believe, and does believe, that a felony has been, or is being committed in his presence, he has the right to arrest without warrant the person he has reason to believe, and does believe, has committed, or is committing, a felony. The fact that at the time of such arrest the arresting officer may have in his hands an invalid search warrant will not vitiate a search made under such conditions, for the search will have been made under lawful circumstances authorizing a search as incidental to a lawful arrest without warrant, and his possession of the invalid search warrant will be without legal significance.
It follows from the conclusions we have reached that the judgment appealed from should be reversed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.