DAYTON, ORVIL L., Jr., Associate Judge.
This appeal is from the judgment and sentence entered pursuant to a jury verdict finding the appellants guilty of lottery law violations.
The evidence discloses that on January 25, 1964, two detectives of the Tampa Police Department observed the defendant, Luciano Hernandez, several times standing outside the El Chico Bar. The Ell Chico Bar was not open for business, it having been closed as result of revocation of its license. According to the testimony, Hernandez walked into the El Chico Bar by way of a side entrance, emerged a few minutes later, walked across the street or alley to a vacant building. There he reached into a hole in the wall in the vacant building and pulled out a paper bag. He then took a number of pieces of paper from his pocket, placed them in the paper bag and then replaced the bag in the same hole in the wall. This procedure was repeated several times.
The two detectives approached Hernandez after he placed the bag in the hole. While one officer asked Hernandez for identification, the other officer pulled the bag from the hole, examined its contents and identified the contents as lottery paraphernalia. Hernandez was then placed under arrest.
The two detectives then took Hernandez into the El Chico Bar and met the other appellant, Ferman Mirabel. Upon entering the Bar, the officers identified themselves to Mirabel, and asked for permission to search the premises. Mirabel replied “Help yourself.” Numerous items admitted in evidence were found in the Bar, including note pads, pencils, money, etc. Mirabel was then placed under arrest.
The first question raised by the appellants is that during the trial one of the jurors appeared to be sleeping while the trial Judge was instructing the jury. The evidence shows that when this was called to his attention, the Judge went back and repeated the instructions given during the period while the juror’s eyes were closed. Appellants contend this was violative of the constitutional rights of appellants. The record does not disclose nor has argument of counsel made it affirmatively appear that this incident was in any way prejudicial to the substantial rights of appellants. In discussing the Harmless Error Statute, 924.33 Fla.Stats., 1941, F.S.A., the Supreme Court of Florida in Cornelius v. State, Fla., 49 So.2d 332, 335, held that it should not be presumed that error injuriously affected the substantial rights of the appellants where no harmful error appears.”
Appellants next contend that the search and seizure without a search warrant constitutes a violation of the appellants’ substantial rights under the Federal and State Constitutions, and that the Trial Court erred in refusing to grant the mo *291 tion of the appellants to suppress the evidence.
The premises searched had been under observation for several weeks. Officer Huerta identified the items in the paper bag as lottery paraphernalia before arresting Hernandez. The search of the El Chico Bar was conducted immediately and with the permission of the sole occupant, Ferman Mirabel.
The record is abundantly clear that the officers had reasonable grounds to believe that a felony had been committed by the appellants. Melton v. State, Fla.1954, 75 So.2d 291.
Finding no error, the judgment of the trial court is affirmed.
ALLEN, C. J., and SHANNON, J., concur.