CHARLES CARROLL, Chief Judge.
The appellant was informed against, charged with breaking and entering a dwelling with intent to commit a felony, to-wit: grand larceny, and with the crime of grand larceny. On trial therefor he was convicted of breaking and entering with intent to commit grand larceny, for which offense he was sentenced to serve twelve years in the state penitentiary. On the second charge he was found guilty of petit larceny.
On this appeal by the defendant four points are presented. The first is a contention that the trial court committed reversible error in denying defendant’s motion to suppress evidence obtained from his home on the evening of the day following the alleged offenses. We find merit in that contention and reverse, making it unnecessary to consider others presented.
A residence located on Southwest 151st Street in Dade County was broken into on January 16, 1966, and a number of articles of property were taken therefrom, among which were a television set, transistor radio, *911 shotgun, five credit cards, some jewelry and other items. The next day officers of the Dade County sheriff’s department rented adjoining rooms in a motel. In one of the rooms they installed a listening device, and in the other they set up monitoring and recording equipment. During the day a detective, posing as a fence, encountered the defendant, and went with him to the room first mentioned. They conversed there for approximately 45 minutes. Their discussion, which principally related to past and prospective burglaries was recorded. In the course thereof the defendant produced certain credit cards which he stated had been obtained by him the day before. They were the property of the occupants of the residence which had been broken into. At a prearranged signal, officers in the adjoining room entered and arrested the defendant for breaking and entering and for grand larceny.
Two hours later one of the arresting officers placed the defendant’s home under surveillance, while another officer was obtaining a search warrant. Some time later, a few minutes before the other officer arrived with the warrant, the officer who was waiting looked into the house from the street, using binoculars, and saw some articles on a table which appeared to fit the description of items stolen the day before. Armed with the search warrant the officers approached the defendant’s dwelling and were admitted by the defendant’s wife.
The search warrant was issued on the basis of an affidavit that the premises contained stolen property. None of the items known to have been taken from the residence at Southwest 151st Street were shown in the affidavit, which listed certain other articles taken on an earlier date from a different residence.
The search of the defendant’s residence, on the entry achieved by the search warrant, did not reveal any of the property listed or described in the affidavit. However, the search did reveal a number of articles taken from the Southwest 151st Street residence the preceding day, and a bag containing burglar tools. At the trial, following denial of defendant’s motion to suppress, and over objection, the articles thus found in the search were introduced into evidence.
In order that the search be permissible it was required to have been made on a proper warrant duly issued, or as an incident to a lawful arrest. Haile v. Gardner, 82 Fla. 355, 91 So. 376; Herring v. State, Fla.App.1960, 121 So.2d 807.
Under § 933.18 Fla.Stat., F.S.A., entitled “When warrant may be issued for search of private dwelling,” it is provided that a warrant for search of a private dwelling may be issued in stated circumstances, including when stolen or embezzled property is contained therein. But that section states that “No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he has reason to believe that one of the said conditions exists, which affidavit shall set forth the facts on which such reason or belief is based.”
The affidavit upon which the search warrant was issued in this instance did not fulfill the requirement of the statute that it “set forth the facts on which such reason or belief is based.” As stated above, the affidavit listed certain items of property stated to have been stolen on a different date from a different address. The statement in the affidavit that the affiant had probable cause to believe and did believe that such articles were concealed in the dwelling sought to be searched was not supported by any fact other than the one mentioned above, that is, the statement that the listed property had been stolen. The appellant argues, and correctly so, that the affidavit was rendered insufficient by a failure to set forth facts to support the affiant’s statement that he believed or had reason to believe that the listed stolen goods were on those premises. Carnagio v. State, 106 Fla. 222, 143 So. 164; Cooper v. State, 106 Fla. 254, 143 So. 217; *912 Lassiter v. State, 106 Fla. 261, 143 So. 220; Sleigh v. State, 106 Fla. 261, 143 So. 220; Adkison v. State, 106 Fla. 262, 143 So. 220.
In Cooper v. State, supra, 143 So. at p. 218, the Supreme Court stated:
“ * * * We take it that the provisions quoted from section 8518, C.G.L., supra, [now section 933.18 Fla.Stat., F.S. A.] mean that the person making the affidavit must therein swear that he, or she, has reason to believe that the dwelling is being used unlawfully as stated in the affidavit, and must then set forth specifically the facts upon which such reason or belief is based, and those facts must be so set forth that the existence or nonexistence thereof may be a matter of definite proof so that the affiant may be held responsible for the truth or falsity of his statements in that regard.”
In response to appellant’s contention that the court erred in denying the motion to suppress, the state makes no argument in support of the sufficiency of the affidavit or the validity of the search warrant, but contends that the search was incident to a lawful arrest, and therefore was authorized without a warrant.
When the officers entered the dwelling with the aid of the search warrant and interrogated the defendant’s wife with reference to ownership of the articles of personal property which search revealed, she stated they were owned by her husband. She was told by the officers that she was under arrest for possession of stolen property. However, the arrest was not followed up, and the officers departed and left her there with no restrictions on her liberty. The following day a warrant was issued for her arrest and in the evening of that day the officers returned and arrested her on the warrant.
On the facts of this case we are unable to agree with the position taken on behalf of the state that the search of the private dwelling of the defendant was incident to the arrest of his wife. On the contrary, the facts revealed by the record disclosed that the arrest of the defendant’s wife on the day of the search, if such was an arrest, was incident to the search.
For the reasons stated the judgment appealed from is reversed and the cause is remanded for new trial.
Reversed and remanded for new trial.