313 So.2d 441 (1975)
STATE of Florida, Appellant,
v.
George M. LEE, Appellee.
No. 74-1281.
District Court of Appeal of Florida, Second District.
May 30, 1975.
*442 Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
Wilbur C. Smith, III, of Smith, Seals & Carta, Ft. Myers, for appellee.
HOBSON, Judge.
This is an interlocutory appeal from an order granting the defendant's motion to suppress evidence seized during a warrantless search of defendant's automobile. After a hearing on the motion, the trial judge ruled as a matter of law that the officers should have sought a search warrant from a magistrate and that the search was conducted without probable cause.
The record of the suppression hearing indicates that Agent Mathews testified that he had received information provided by a reliable confidential informant that the informant had previously observed a quantity of marijuana in the trunk of a vehicle. After receiving an accurate description of the car and its location, Mathews proceeded to the address and fifteen minutes thereafter observed two men drive away. A radio call to the nearest patrol car resulted in a stop and search which revealed a paper bag containing a quantity of marijuana in the trunk. Appellee was then arrested.
The search of a motor vehicle on the open highway may be made without a warrant if there is probable cause to believe that the vehicle presently contains contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1962); Fla. Stat. § 933.19 (1973); Jetmore v. State, Fla.App. 4th 1973, 275 So.2d 61. The search of a moving vehicle upon probable cause is one exception to the general requirement that searches without a search warrant are unreasonable. See, also, Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Although an informant's tip may supply the probable cause to search an automobile, it must also meet the requirements of recent observation. See, Rodriguez v. State, Fla. 1974, 297 So.2d 15.
It is apparent from the order of the court below that its finding was based upon the erroneous belief that the search of the vehicle in the present case was invalid without a search warrant. As a result of this misapprehension, the record is inadequate as to the factual findings of the court with respect to the reliability of the informant and the credibility of his information. See, Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).
Therefore, the order of the trial court granting appellee's motion to suppress is reversed and remanded for an evidentiary hearing to determine the reliability and credibility of the informant and whether or not there was probable cause under Carroll, supra, to believe that the vehicle presently contained contraband.
McNULTY, C.J., and GRIMES, J., concur.