338 So.2d 1141 (1976)
Roy Edward DELOACH, Appellant,
v.
STATE of Florida, Appellee.
No. AA-335.
District Court of Appeal of Florida, First District.
November 9, 1976.
Alan R. Parlapiano, Public Defender, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
*1142 SMITH, Judge.
Charged with manslaughter in operating an automobile while intoxicated, appellant Deloach moved unsuccessfully for discharge under Rule 3.191, R.Cr.P., then pleaded nolo contendere, reserving his right to appeal the speedy trial issue. The trial court held that the Rule's 180-day period for trial did not begin to run until July 28, 1975, when Deloach was arrested on a capias issued upon filing of the information. The determinative issue is whether, as Deloach contends, he was arrested or taken into custody on the night of the incident, March 30, 1975.
Following a collision in which a passenger was killed, Deloach was taken to a hospital for observation and treatment for broken ribs and lacerations. The investigating officer asked a doctor to administer a blood alcohol test. The doctor stated that Deloach would first have to be arrested. The officer thereupon advised Deloach that he was under arrest for driving while intoxicated and he advised Deloach of his rights to remain silent and to consult counsel. At the officer's request, Deloach then acquiesced in the blood alcohol test. The officer did not touch Deloach or make any effort to remove him to jail. Deloach was discharged from the hospital only after hospital authorities sought and obtained permission from the police to release him.
Florida's speedy trial rule establishes time periods for trial which "commence when ... [the accused] is taken into custody as a result of the conduct or criminal episode giving rise to the crime charged." Rule 3.191(a)(1), R.Cr.P. The State does not contend that Deloach's alleged driving while intoxicated was independent of the "criminal episode" in which the manslaughter is said to have been committed. See Crain v. State, 302 So.2d 433 (Fla.App.2d, 1974); State ex rel. Meyer v. Keough, 325 So.2d 75 (Fla.App.2d, 1976). The State asserts only that Deloach was not "taken into custody" on the night of the incident.
Although the officer disclaimed any intention to take the injured Deloach into actual custody on the night of the incident, he admittedly "placed him under arrest for driving while under the influence to get his permission" for the blood alcohol test. The officer advised Deloach he was arrested. Deloach plainly understood he was arrested and subject to the officer's direction. Even the hospital authorities considered Deloach not subject to discharge without police approval. The arrest therefore met the classic test of Melton v. State, 75 So.2d 291, 294 (Fla. 1954), including the element of "[a]n actual or constructive seizure or detention of the person to be arrested... ." The Supreme Court held that an arrest and constructive detention had occurred, so justifying a search incident to a lawful arrest, notwithstanding that the person arrested in her home was not physically restrained or removed. State v. Parnell, 221 So.2d 129 (Fla. 1969). The principle of that case controls this one. The judgment of conviction must be reversed and Deloach discharged.
REVERSED.
BOYER, C.J., concurs.
MILLS, J., dissents.
MILLS, Judge (dissenting):
I dissent. The investigating officer had no intent to arrest the defendant. He told the defendant he was under arrest only because the hospital would not make a blood test until it was informed that the defendant was under arrest. The defendant was never served with a citation for DWI. The liberty of the defendant was never limited nor restricted. Although the hospital requested permission from the investigating officer to release the defendant when it was ready to discharge him, this was unnecessary because the defendant was neither under arrest nor in custody. When discharged by the hospital the defendant returned to his home where he remained under no charge and with no restraint of liberty. He was not arrested until 28 July 1975 when he was arrested on a capias based on an information charging him with manslaughter in operating an automobile while intoxicated.
*1143 An arrest is the taking into custody of an alleged offender in order that he may be brought into the proper court to answer for a crime. Melton v. State, 75 So.2d 291 (Fla. 1954). This did not occur in the case before us. In addition, the four elements involved in an arrest, as set forth in the Melton case, were not met.
I agree with the trial court that the 180 day speedy trial rule did not commence to run until the defendant was arrested and taken into custody on 28 July 1975. I would affirm.