BOOKOUT, Judge.
Transporting liquors or beverages in quantities of five gallons or more; sentence: two years imprisonment.
*460 Trial was held ore terms before the trial judge without a jury. The only issue before us is whether the arresting officer had probable cause to conduct a warrantless search of the appellant’s automobile.
On July 4, 1974, the appellant’s automobile was stopped by Alabama State Trooper B. A. Richardson. The appellant’s person was searched in order to obtain the key to the trunk of the car. Officer Richardson, without the appellant’s consent, then searched the trunk and found a quantity of beer and whiskey.
Richardson testified that he found, “6 pints of whiskey and 1 Fifth of Scotch.” Although he mentions beer in his testimony, he never states the quantity he found. Richardson turned appellant’s automobile over to A.B.C. Agent D. 0. Dodd at the county jail. Dodd said, “. . .1 obtained four (4) cases of beer and 1 pint of untaxed liquor.”[1]
We observed that nowhere in the record does a witness testify as to the exact number of gallons of beer or liquor being transported. The number of cases of beer does not clearly establish the quantity in terms of gallons. The record does not state the number of cans per case, or whether the cases contained cans of seven, ten, twelve or sixteen ounces. However, since the beer was placed in evidence, the trial judge could personally observe the quantity, and since no objection was made that the quantity was less than five gallons, we pretermit further discussion on this point.
THE SEARCH
Appellant contends that Officer Richardson did not have probable cause to conduct a search pursuant to the exigent circumstances exception to the warrant requirement of the Fourth Amendment. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). We agree. The search occurred in Lauderdale County about one mile from the Tennessee line. Lauderdale is a dry county. Officer Richardson was checking drivers’ licenses on the day in question. He testified that he stopped an unidentified individual who said, “. Michael [appellant] was coming down the road with some beer in his car, a load of beer in his car,” and that, “he is right behind me.”
The above quotes represent the extent of the conversation between Richardson and the unidentified informant. In addition, Richardson testified that the appellant had a reputation for dealing in illegal liquor or beer. Appellant was stopped after presumably leaving a “wet” county in Tennessee and entering a “dry” county in Alabama. All the beer in appellant’s car bore Alabama tax stamps, but the whiskey did not.
Officer Richardson testified that appellant never consented to the search; that appellant did not commit any violation of the rules of the road in Richardson’s presence; that appellant was not drinking; and that no containers of alcohol were visible until the trunk was opened.
Two tests must be passed before information from an unidentified informant will support probable cause. The “basis” test and the “veracity” test are as follows:
(a) Did the informant give Richardson some of the underlying circumstances from which the informant concluded the appellant was transporting liquor?
(b) Did Richardson know of some underlying circumstances from which he could conclude that the informant was credible or that his information was reliable?
See: State v. Lee (Fla.App.1975) 313 So.2d 441; Rodriguez v. State, (Fla.1974) 297 So.2d 15; Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). For probable cause to conduct a warrantless Carroll search to be present, both of the above questions must be answered in the affirmative. Aguilar, supra.
*461 A
The mere conclusion of an informant is not sufficient to establish probable cause. The informant must have some basis for the conclusion, and he must relate that basis to the law enforcement officer. Richardson did not inquire as to how the informant gained knowledge that the appellant was coming down the road with a load of beer. The informant did not volunteer the basis of his conclusion, and the record is completely silent as to such basis.
When the trial judge asked Richardson if the informant had seen the beer, Richardson answered, “No, he didn’t say that. I didn’t ask him that.” Thus, the record discloses no basis to support the conclusion of the informant.
The State contends that the fact that the appellant was a reputed bootlegger and that he was arrested upon entering a dry county from a wet county supplies the requisite basis. We do not believe that contention is supported in case law. Appellant’s reputation and where he was driving are relevant factors which may be considered, but standing alone, they do not supply a sufficient basis for probable cause. From all that appears in the record, the informant concluded that the appellant was transporting liquor based solely on the appellant’s reputation and the fact that he was driving from a wet county into a dry county. A conclusion based solely on those factors does not constitute probable cause. The search was made without probable cause, and the trial court erred in denying the appellant’s motion to suppress the evidence. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
B
As to the second test, a sufficient basis for the informant’s reliability was not presented. Richardson testified that he knew the informant when he saw him; that he had known the informant for seven or eight years; that the informant had never previously supplied him with information; that he considered the informant to be reputable and reliable; and that he did not know if the alleged informant had ever been convicted of a crime involving moral turpitude.
The Supreme Court of Alabama has held that the following was sufficient to support the veracity prong of the probable cause test relating to informants:
“. . . [The informant has a] record of reliability for correctness which has been good.” (Emphasis supplied.)
See: State ex rel. Attorney General (In re: Horace E. Davis, alias v. State), 286 Ala. 117, 237 So.2d 640 (1970); State ex rel. Attorney General (In re: Louis E. Neugent, alias v. State) (1976), Ala., 340 So.2d 52.
Here there were no underlying circumstances given by Richardson to support the informant’s reliability or credibility. A mere conclusion on the part of an officer that an informant is “truthful” or “reliable” has been held to be insufficient. Haynes v. State, 50 Ala.App. 96, 277 So.2d 372 (1973).
Appellant contends, for the first time on appeal, that Act No. 1265, Acts of Alabama 1971, modified Title 29, § 187, Code of Alabama 1940, by lowering the offense of “transporting” from a felony to a misdemeanor. The result we reach in this opinion makes it unnecessary for us to pass on that issue.
REVERSED AND REMANDED.
CATES, P. J., concurs with opinion.
TYSON and HARRIS, JJ., concur.
DeCARLO, J., dissents with opinion.

. It appears that five pints of whiskey and one fifth of scotch became unaccounted for between the two inventories.