Appellant was indicted on December 9, 1981, for violation of the Alabama Uniform Controlled Substances Act. At arraignment, appellant entered a plea of not guilty. On February 18, 1982, a Motion to Suppress the evidence of the marijuana and other controlled substance seized by the State of Alabama was filed by the appellant. The case was called for trial and a hearing was held February 24, 1982 on appellant's Motion to Suppress. The Motion to Suppress was denied by the trial judge and the appellant then entered a guilty plea after stipulating for appeal the reservation of the issue questioning the legality of the warrantless search and seizure.
Before accepting appellant's guilty plea, the trial court conducted an examination of appellant and determined that the plea was voluntarily and understandingly made. The guilty plea was then accepted by the trial court and the court pronounced sentence of two years' imprisonment in the state penitentiary.
This case was previously before us and we affirmed the lower court's order, 456 So.2d 110, expressly holding that the record failed to show that the appellant had reserved her right to raise the search and seizure issue on appeal. The Alabama Supreme Court, 456 So.2d 112, reversed and remanded this case to us, holding that the search and seizure issue was properly preserved for appeal. *Page 115 
As directed by the Alabama Supreme Court, we must decide the merits of appellant's claims regarding the warrantless search and seizure.
A review of the facts reveals that the Gadsden Police Department received a tip on August 13, 1981, from an unnamed informant that a man by the name of Theo Brookins was in town with a supply of illegal drugs. Lieutenant Morris Alexander testified for the State at appellant's Motion to Suppress hearing that it was well known information in the Gadsden Police Department that Theo Brookins was a dealer in narcotics.
After receiving the call and after checking several places where Theo Brookins was known to frequent, Lieutenant Alexander and Sheriff's Deputy Johnny Grant discovered a car identified by Lieutenant Alexander as belonging to Theo Brookins at the Holiday Inn. Deputy Grant then set up a surveillance while Lieutenant Alexander made a call requesting a search warrant.
However, prior to securing the search warrant a man identified as Theo Brookins by Lieutenant Alexander and the appellant left a motel room and drove away in separate cars. The law enforcement officers then followed the appellant — choosing not to follow, stop, question or arrest Theo Brookins.
The appellant proceeded to a grocery store where she apparently purchased several items. After she left the grocery store and while driving down the highway, the appellant was stopped by a uniformed policeman in a marked car at the request of Lieutenant Alexander and Deputy Grant. Immediately upon the scene were four officers and three police cars. Deputy Grant instructed the appellant to get out of the car and to open her purse. Appellant complied with both orders without protest. A quantity of the drug phenmetracine was found in appellant's purse.
Subject to only a few exceptions, the Fourth and Fourteenth Amendments of the United States Constitution support the proposition that a search conducted without a warrant issued on probable cause is unreasonable. Daniels v. State, 290 Ala. 316,276 So.2d 441 (1973) listed the applicable exceptions:
 "(1) In `plain view', see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971);
 "(2) With `consent' voluntarily, intelligently and knowingly given, see Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938);
 "(3) As `incident to a lawful arrest', see Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959);
 "(4) In `hot pursuit' or `emergency' situations, see Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. [436] (1947); State v. Sutton (Mo. 1970) 454 S.W.2d 481;
 "(5) Where `exigent circumstances' exist coincidental with `probable cause' (as in the case of movables), see Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); and
 "(6) In `stop and frisk' situations, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 889
(1968)."
To pass the constitutional test, the warrantless search and seizure in the case at bar must fall within one or more of the above exceptions. Coolidge v. New Hampshire, 403 U.S. 443,91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). The burden is on the State to make such a showing that the warrantless search meets an exception. Murray v. State, 396 So.2d 125 (Ala.Crim.App. 1981).
The only issue that merits consideration is whether the law enforcement officers had probable cause in conjunction with exigent circumstances to justify a warrantless search of appellant's person, automobile, and containers found in the automobile.
The record reflects that the appellant stipulated that exigent circumstances existed at the time of the search and therefore *Page 116 
that issue is decided and does not merit our attention. However, we must now turn our attention to the question of whether probable cause coincided with those exigent circumstances to justify the warrantless search.
The appellant argues that if the informant's information (hearsay) from an unidentified source is the sole basis for a finding of probable cause, then the two requirements set out inAguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723
(1964), must be met. Briefly stated, the Aguilar prongs related to the informant's "reliability" and his "basis of knowledge."
However, the "two-pronged test" established in Aguilar, supra, and later reaffirmed in Spinelli v. United States,393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) was abandoned by the United States Supreme Court in Illinois v. Gates,462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In its place, the court reaffirmed the "totality of circumstances" analysis that has traditionally determined probable cause issues.
Nevertheless, nothing in the informant's tip even concerned the appellant. The informant's tip was insufficient to establish any sort of probable cause coincidental with exigent circumstances against this appellant.
We must now decide whether probable cause developed from appellant's conduct as observed by the law enforcement officers justified a warrantless search and seizure.
It is our belief that none of the appellant's activities while under surveillance by the law enforcement officers gave rise to probable cause for a warrantless search and seizure. The only facts known to the law enforcement officers about the appellant at the time of the stop, search and seizure was that she left a motel room with a man known to have a reputation as a drug dealer, and that she drove away in her own automobile. It appears that the only basis the law enforcement officers had for suspecting the appellant's involvement in a crime is that she was observed in the company of a known drug dealer.
Probable cause to stop the appellant did not exist simply due to her association with a drug dealer. In Roberson v. State,340 So.2d 459 (1976), the State contended that the fact that the appellant was a reputed bootlegger and that he was arrested upon entering a dry county from a wet county supplied the requisite basis for probable cause. Judge Bookout, writing for our court in Roberson v. State, supra, stated that "[a]ppellant's reputation and where he was driving are relevant factors which may be considered, but standing alone, they do not supply a sufficient basis for probable cause." The case went on to hold that a conclusion based solely on the accused's reputation and his action of driving from a wet county to a dry county did not constitute probable cause. See also Young v.State, 372 So.2d 409 (Ala.Crim.App. 1979). Therefore an analogy may be drawn between Roberson, supra, and our case at bar. Since probable cause would not have existed to stop and search a known drug dealer upon his leaving a motel room without a warrant, it follows that probable cause would not exist to stop another that exits the same motel room and proceeds on his or her way. In Roberson, supra, the law enforcement authorities received an uncorroborated tip from an informant in a manner that is much the same as our instant case. Furthermore, while the officers may have been somewhat suspicious of appellant's conduct, suspicion alone is not enough to justify probable cause for a warrantless search.Young v. State, supra.
In our case at bar, we find that the reputation of the drug dealer is the one in question, not the appellant. No evidence has been offered to show that the appellant has or ever has had a reputation in drug dealings. Furthermore, even if such a showing had been made, appellant's reputation could only be considered along with other factors to show probable cause for a search and seizure. Murray v. State, supra. *Page 117 
The facts and circumstances of this case indicate that the "exigent circumstances coincidental with probable cause" exception to the Fourth Amendment search warrant requirement cannot be applied. Therefore, the search conducted of the appellant by the law enforcement officers cannot be justified and likewise, the "fruits" of the search should not be admitted into evidence. Having decided that the instant search was illegal, we hold that the results thereof should have been suppressed and appellant's Motion to Suppress the evidence should have been granted.
REVERSED AND RENDERED.
All the Judges concur.