498 So.2d 1339 (1986)
Reginald GADSDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1686.
District Court of Appeal of Florida, Second District.
December 10, 1986.
*1340 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The state charged defendant Reginald Gadsden with possession of cocaine and marijuana. Gadsden moved to suppress certain statements he made to the police and certain evidence they seized from his vehicle. Gadsden contended such evidence was obtained by an illegal search and seizure. The trial court denied the motion. Thereafter Gadsden pled nolo contendere reserving the right to appeal the denial of his motion to suppress. The court accepted his plea, adjudicated him guilty, and sentenced him within the guidelines recommendation. Gadsden now appeals, contending the trial court erred in denying his motion to suppress. We agree.
Three St. Petersburg police officers testified at the suppression hearing. Detective Brunner explained that on November 9, 1984, he was in a surveillance unit near a motel in St. Petersburg. He and other officers were conducting an investigation of a man named Jacobs whom they suspected of being involved in narcotics trafficking and racketeering. Jacobs was staying at the motel, and the police had information that drugs might be coming in from the Fort Myers area.
Detective Baker was conducting surveillance at the motel. About 11:00 a.m. Baker observed Gadsden, who was accompanied by a woman, drive up to the motel room where Jacobs was staying. Baker was unsure but believed the car had either a Dade or Leon County tag. Gadsden got out of his car and knocked on the door of Jacobs' room. It appeared to the officer that Gadsden was talking with someone through the door. Thereafter, Gadsden reentered the car and spoke with the woman accompanying him. The officer did not see any exchange of money or view any drugs, yet based on his previous experience in narcotics investigations, he viewed the conduct he observed as resembling a hand to hand drug transaction. Gadsden then returned to the motel room, stayed there for a few minutes, and came outside with Jacobs and another man. Gadsden and the woman who accompanied him drove away.
Sergeant Hitchcocks was also part of the surveillance team. His vehicle was parked near the motel. He received a radio message from Detective Brunner that Detective Baker had observed Gadsden's participation in what was believed to be a drug transaction at the motel. On that basis, Hitchcocks followed Gadsden and stopped his car, while another police officer pulled up behind. Hitchcocks read Gadsden his Miranda rights, which Gadsden acknowledged he understood. Gadsden said he did not want to speak to an attorney. Hitchcocks *1341 immediately told Gadsden there would be a search of his car and asked Gadsden to point out the narcotics before the officer started searching. With that, Gadsden said he had cocaine in his pocket; however, none was located there. Gadsden then responded that the cocaine must be on the seat of the car. The officers' search revealed cocaine and marijuana wrapped in a towel on the seat of Gadsden's car.
The search of the defendant's vehicle was conducted without a warrant. Therefore, it was a violation of the Fourth Amendment prohibition against unreasonable searches and seizures unless it falls within one of the narrow exceptions to the warrant requirement. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
The state urges that the search was proper under the exception which permits an officer to stop a vehicle and search it without a warrant if the officer has probable cause to believe the vehicle is carrying contraband. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); § 933.19, Fla. Stat. (1985); State v. Lee, 313 So.2d 441 (Fla. 2d DCA 1975). The justification for this exception is that in these circumstances it is not practicable to obtain a warrant, since an automobile can quickly be moved from the jurisdiction where the warrant would ordinarily be sought. Id. 267 U.S. at 153, 45 S.Ct. at 285.
In this case, the police searched the defendant's automobile on the basis that Gadsden had gone to a motel room of a person they suspected to be a drug dealer. Gadsden's actions were perceived by the police to be connected with consummation of a drug transaction. None of the officers saw any drug transaction nor did they have any knowledge that the defendant was either a buyer or a seller. They had no information that placed any contraband in the defendant's automobile. Rather, they merely suspected that the defendant was either a buyer or a seller. Therefore, the officers' conduct did not fit within the Carroll exception of searching an automobile on the highway based on probable cause.
We have not overlooked the possibility that the search of defendant's car could be justified on other recognized exceptions to the warrant requirement, e.g., as a search incident to a lawful arrest, see, Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), or a search based on consent, see, Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). As noted, however, the officers had no probable cause to arrest the defendant since the evidence, at most, supported only an investigatory stop under the Florida Stop and Frisk law. § 901.151, Fla. Stat. (1985); see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Moreover, defendant's acquiescence to a search or submission to an officer's apparent authority, is not necessarily tantamount to consent. Bailey v. State, 319 So.2d 22 (Fla. 1975); Talavera v. State, 186 So.2d 811 (Fla. 2d DCA 1966). Here, it does not clearly appear from the facts that the defendant voluntarily agreed to the search of his automobile. Thus, the search incident to arrest and consent exceptions to the warrant requirement are not applicable here.
Since the contraband and statements were obtained as a result of an illegal search and seizure, the trial court erred in not granting the defendant's motion to suppress. A search may not be validated by what it produces. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Accordingly, we reverse the defendant's convictions and sentences for possession of cocaine and marijuana.
RYDER and SCHOONOVER, JJ., concur.