512 So.2d 1062 (1987)
Corwin McNEIL, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-1539.
District Court of Appeal of Florida, Fourth District.
September 9, 1987.
*1063 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Noel A. Pelella, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
LETTS, Judge.
We grant the petition for rehearing and reaffirm our initial per curiam affirmance, but substitute the following opinion.
This appeal arises from the denial of a motion to suppress evidence seized during a search. We affirm.
As a police officer drove by, three men were standing huddled together on a dirt area right beside a porch elevated to table height above the dirt. The neighborhood was well known for drug activities. The officer exited his car and, as he approached, the men dispersed and "right there" in plain view on the concrete slab floor of the same porch area were a pipe and a cocaine base rock.[1] Simultaneously with this discovery, a backup officer arrived and the three men were patted down and searched revealing in the pockets of one of their number, namely the defendant, another cocaine rock and pipe. In response to questioning, the police officers testified that they believed they had a "founded suspicion" and therefore the right to pat down and search the suspects under the stop and frisk section of 901.151, Florida Statutes (1985). Were only a founded suspicion present in the case at bar, we would reverse the denial of the motion to suppress. However, we hold that under the facts of this case the police actually had probable cause to arrest.
Experienced police testimony was adduced to confirm that, in this neighborhood and in this manner, groups "huddle" together with a "base rock and a pipe and they all take hits off it ... and they'll pass the pipe back and forth to each other until it runs out." Merely observing a group huddled together would not of course, in and of itself, furnish probable cause to arrest. However, in the case at bar, immediately *1064 following the dispersal of the group, the cocaine rock and a pipe were discovered on the porch beside which the huddle had been moments before. In our opinion, at that point, the police had probable cause to make an arrest. As to whether a search can precede arrest, this court and others have specifically held that it can, provided probable cause to do so exists prior to the search. State v. Byham, 394 So.2d 1142 (Fla. 4th DCA 1981).
It is true that the officers described themselves as having only a "founded suspicion." However, the language an officer uses or misuses is not determinative. Probable cause is a matter of practicalities, not technicalities. Bell v. United States, 254 F.2d 82 (D.C. Cir.1958). The test for probable cause is whether the facts and circumstances within an officer's knowledge are sufficient to warrant a man of reasonable caution to believe that an offense has been committed. Byham; Benefield v. State, 160 So.2d 706 (Fla. 1964). In so holding, we would comment that there is no shortage of cases overturning a policeman's belief that he did have probable cause to arrest and deciding that he did not. See, e.g., Berry v. State, 493 So.2d 1098 (Fla. 4th DCA 1986); Gadsden v. State, 498 So.2d 1339 (Fla. 2d DCA 1986). Conversely, it must follow that the courts can likewise correct a policeman's mistaken belief that he has only founded suspicion and elevate that belief, if the undisputed facts will support it, to probable cause. Police officers, like judges, can be right for the wrong reason. In Chippas v. State, 180 So.2d 355 (Fla. 3d DCA 1965), affirmed, 194 So.2d 593 (Fla. 1967), the court quoted Ralph v. Pepersack, 335 F.2d 128, 134 (4th Cir.1964):
To make constitutional questions turn on the term chosen by police officers to describe their activity  officers who are accustomed to the vernacular of the police station and unschooled in the accepted constitutional vocabulary  is to engage in a futile and unwarranted exercise in semantics.
Regarding the police failure to predicate the arrest on the pipe and cocaine found on the slab and the decision instead to charge the defendant in whose pocket more cocaine and another pipe was discovered, we do not find that to be remarkable. If there was probable cause to arrest and conduct a search, we see nothing wrong with basing the criminal charge on the fruits of that search rather than on other contraband lying on the ground.
AFFIRMED.
STONE, J., concurs.
WALDEN, J., dissents with opinion.
WALDEN, Judge, dissenting.
I respectfully dissent because, in my opinion, it was error to deny appellant's motion to suppress.
The parties agree as to the statement of the case and facts.
Detective Joseph Wirthman of the Ft. Pierce police department was patrolling in an unmarked police car. While driving, he observed three men "huddled" by a porch area at 516 North 21st Street. Wirthman pulled up to the area and exited his vehicle. The three men then walked away from where they were standing. Wirthman walked up to the porch area and noticed a cocaine rock and a pipe on a nearby concrete slab. About this time, Detective James Waters arrived. Wirthman informed Waters as to what he had found. Both officers believed that they had a founded suspicion of criminal activity. The officers did not arrest any of the men at this time. Based on the founded suspicion of criminal activity, the officers decided to search the three men.
Detective Wirthman conducted a search of two of the men. Nothing was found on the two men and they were let go. The third man was appellant, Corwyn McNeil.
Detective Waters searched appellant. During the pat down, Waters felt a small hard lump inside appellant's upper right hand pocket. The lump was the size of a pencil eraser. Waters did not believe the lump to be a gun, knife or any type of explosive. The lump was a cocaine rock. Waters also found a pipe in one of appellant's *1065 pockets. Waters testified that he did not feel any weapons while patting down appellant. Appellant was subsequently arrested for possession of the cocaine rock and pipe found during the search. No one was arrested for the cocaine and pipe found nearby the porch.
Appellant was charged with possession of cocaine and with possession of controlled substance paraphernalia. Appellant moved to suppress the cocaine and paraphernalia on the grounds that it resulted from an illegal stop and an illegal search and seizure. The trial court denied appellant's motion. Appellant pled nolo contendre to possession of cocaine, reserving the right to appeal the denial of the motion to suppress. The state agreed to the reservation of the right to appeal, and possession of controlled substance paraphernalia was nolle prossed. Appellant was sentenced to one (1) year in the county jail to be followed by two (2) years of probation. Appellant filed his notice of appeal.
From the foregoing, and respectively, the officers from their own testimony had only a founded suspicion of criminal activity, and not probable cause to make an arrest. The majority, in its opinion, disregards the testimony of the police, and holds that under the facts of this case the police actually had probable cause to arrest. In my opinion, the facts of this case do not establish that the police officers had probable cause to arrest prior to the search; rather the probable cause arose after the contraband was discovered as a result of the search.
The majority holds that the cocaine rock and pipe found nearby the porch gave rise to the probable cause to arrest. However, not one of the three individuals who were "huddled" was arrested for this cocaine rock and pipe. In fact, the officers let two of the men go after a search of these two men revealed no contraband on their persons. Differently, the appellant was arrested after a search of his person revealed contraband, and his arrest was only for the contraband found as a result of this search. Had the police officers had probable cause, without the fruits of the search, as the majority suggests, they would have arrested all three men and not just appellant.
The instant case is similar to Melton v. State, 75 So.2d 291 (Fla. 1954). In Melton, an officer obtained a search warrant for the defendant's home, where moonshine whiskey was kept. When the officer arrived at the home, he discovered moonshine whiskey as a result of a search, and thereafter, he arrested the defendant for possession of the whiskey. The search warrant later proved to be invalid, and the defendant made a motion to suppress the evidence. The trial court denied this motion on the theory that it was obtained by a lawful search made incident to a lawful arrest.
On appeal, the Florida Supreme Court held that under the facts of the case, the officer was warranted in believing that a felony had been committed by the defendant, and therefore, was authorized to make an arrest without a warrant. However, the Court held that the search was not proper as incident to an arrest. According to the Court, under the facts of the case:
[I]t must be assumed that the arresting officer did not intend to make an arrest unless he was successful in first discovering, by virtue of the authority conferred upon him by the supposedly valid search warrant, something of an inculpatory nature that would tend to establish the corpus delicti. Therefore, there is no valid ground upon which it can be held that the seizure of the moonshine whiskey was incidental to the arrest of the defendant. Indeed, all the evidence in the case points to the fact that the arrest was incidental to the search and seizure. (emphasis in original).
75 So.2d at 294.
The same holds true in the case at bar. We must assume that the officers had no intention to arrest the three men unless they found something as a result of the search. As such, the arrest was incidental to the search, rather than the search being incidental to the arrest, and therefore, the motion to suppress should be granted.
Moreover, contrary to the majority statement, there is something wrong with "basing *1066 the criminal charge on the fruits of the search rather than on other contraband lying on the ground." A search must be lawful "in toto", and it cannot be made lawful by what is found as a result of the search. Collins v. State, 65 So.2d 61 (Fla. 1953); Brown v. State, 62 So.2d 348 (Fla. 1952); and Richardson v. State, 291 So.2d 253 (Fla. 1st DCA 1974), cert. den., 297 So.2d 29 (Fla. 1974). If a search is unreasonable, the evidence seized is inadmissible. Melton.
In the instant case, it is clear that the officers could only conduct a pat down search for weapons. No weapons were felt or found and there was no claim by the officers that the search was for the purpose of determining if McNeil was armed. Therefore, the officers had no lawful reason to take from McNeil's pockets or person the fruits which were the basis for his subsequent arrest, and hence, the evidence seized was inadmissible.
Accordingly, I would reverse and remand with instructions to grant McNeil's motion to suppress.
NOTES
[1] There is conflicting testimony about whether the men were actually huddled on the porch or on the dirt beneath it. We do not find the discrepancy critical because either way the huddle was "right there" where the cocaine and the pipe were found.