# STATE OF FLORIDA v PACHECO
Case No. 88-020-AC (County Court Case No. 52727,28 BX)

Eleventh Judicial Circuit, Dade County

November 1, 1988

### APPEARANCES OF COUNSEL

**Fariba Komeily,** for appellant.
**Virginia Best,** for appellee.
Before RIVKIND, FEDER, ESQUIROZ, JJ.

### OPINION OF THE COURT

FEDER, R. Y., Judge.

This is an appeal from the granting of Motion to Suppress the

results of a roadside sobriety test and all subsequent tests. Though constrained to affirm the learned Trial Judge if any basis can be found in the record, the weight of authority requires a reversal.

The Defendant Appellee was stopped and charged with driving at 3:35 a.m. without lights. WHen exiting her vehicle, she was "using her left arm for support" on the back of the officer's vehicle, was laughing out loud for no reason and had a strong odor of alcohol. The officer asked if she would perform voluntary roadside tests and she agreed. Having failed repeated attempts to touch her nose or execute a balance test, she was arrested and, after appropriate *Miranda* warnings, transported to Metro Dade Central and videotaped and breathalyzed.

The focus of the lower Court's attention was on a deposition's negative answer of the arresting officer to the question "At the point in time (when asked to voluntarily submit to roadside test), did you have reason to believe that Miss Pacheco was intoxicated?"

The test for probable cause is not a subjective one, but rather objective. Police Officers are not constitutional experts, nor required to use exact, precise language. The litmus test of probable cause is not now, nor has it even been, nor should it ever be, what a police officer subjectively believes. A positive mental belief is no more binding on a Court than a negative one. See *McNeil v State,* 512 So.2d 1062 (Fla. 4th DCA 1971); *State v Spurling,* 385 So.2d 672 (Fla. 2d DCA 1980).

As succinctly stated by Judge Letts in *McNeil v State, supra,* 1064.

"Police officers, like Judges, can be right for the wrong reasons,"

Constitutional rights are too precious to be decided on the particular words or phases used by police officers, who, occasionally, are not chosen for their degrees in Grammar or Semantics. The test this Court must apply is an objective one based on a reasoned review of the totality of the circumstances. *Ralph v Pepersack,* 335 F.2d 128 (4th Cir. 1964).

We therefore find that the totality of the facts established a reasonable and probable basis for the officer to act as was done in this case.

In any event, even if probable cause did not exist, there was a voluntary consent to the roadside tests.

There is no dispute that the officer had a lawful basis for stopping the defendant for driving without lights at 3:35 a.m. If the officer only had a "reasonable suspicion" of intoxication, he had a right to briefly detain the ask for moderate roadside testing. *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L. Ed. 2d 317 (1984). But this case goes beyond even that permissible inquiry since the defendant volunta-

122

rily consented to the testing (or, at least, that was the only evidence before the Court).

Voluntary searches or tests have long been constitutionally permissible. *Schneckloth v Bustamonte,* 412 U.S. 318; 93 S. Ct. 2042, 36 L. Ed 2d 854; *Bailey v State,* 319 So.2d 22 (Fla. 1975).

The Order granting the Motion to Suppress must, therefore, be reversed.